CHARLES T. NOBLE *vs.* LOUIS SEGAL.

Suffolk.   December 11, 1912. — February 27, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Pleading, Civil,* Declaration.   *Practice, Civil,* Bill of particulars.

In a count on an account annexed under R. L. c. 173, § 6, cl. 8, the plaintiff by
legal intendment makes as to each item all the allegations necessary to sus-
tain any of the common counts.

If in an action of contract on an account annexed the defendant wishes for fur-
ther information as to any of the items in the account, he can ask the judge to
order a bill of particulars under R. L. c. 173, § 68, but, if the defendant fails
to ask for a bill of particulars, the plaintiff may prove the items as alleged.

CONTRACT for $891 according to an account annexed.   Writ
dated February 20, 1909.

The items of the account annexed were as follows:

"1   To work and labor done and materials furnished on
         three houses on Georgia Street, Boston, Mass.,
         as per contract  . . . . . . . . . . . . . .   $1095.00
  2   70 days extra work for plasterers at $5 per day  .   350.00
  3   80 days extra work for tenders at $3 per day    .   240.00

                                        Total   . . . . . $1685.00
  4   Credit by cash . . . . . . . . . . . . . . . . .   794.00

                                        Balance   . . . .   $891.00 " .

The defendant's answer contained a general denial and an alle-
gation of payment.

In the Superior Court the case was tried before *Aiken,* C. J.
The defendant objected to the introduction of testimony as to the
amount of extra work unless such testimony should be given
specifically, stating the name of the person employed, the days or
hours of such employment, the price paid such person and whether
such price was reasonable, and to this end objected to a series of
questions all bearing upon this matter.   The Chief Justice ruled

that such questions might be put in a general form, and the defendant excepted.

At the close of the evidence the defendant asked the Chief Justice to make, among others, the following rulings:

"1. That the plaintiff cannot recover upon the second and third items of account in the plaintiff's declaration.

"2. That there was no evidence offered in detail which would support the second and third items of the account annexed to the plaintiff's declaration.

"3. That the court charge in order for the plaintiff to recover he must show specifically the individual employment of each person who worked upon the job for the defendant, and the value of the service of such person."

The Chief Justice refused to make these rulings, and the jury returned a verdict for the plaintiff in the sum of $878.71. The defendant alleged exceptions, including an exception to a certain portion of the judge's charge which was not argued by the defendant and was not referred to in his brief.

*J. H. Blanchard,* for the defendant.

*C. H. Cronin,* for the plaintiff, submitted a brief.

BRALEY, J. If at common law, in framing a declaration in assumpsit, the early practice was to make each demand the subject of a separate count, such demands were later embraced in one count, and were treated as comprising the consideration of but a single promise. *Rooke* v. *Rooke,* Cro. Jac. 245. *Webber* v. *Tivill,* 2 Saund. 121, b. A recognition of this rule appears in *Whitwell* v. *Brigham,* 19 Pick. 117, where a declaration combining all the money counts in one count was held to be undoubtedly good.

Under our practice act, R. L. c. 173, § 6, cl. 7, the common counts cannot be used unitedly, yet as pointed out by Loring, J., in *Massachusetts Mutual Life Ins. Co.* v. *Green,* 185 Mass. 306, 310, "a plaintiff who declares on a count on an account annexed has by legal intendment made with respect to the item stated in the account annexed all the allegations contained in all the common counts." The second and third items in the plaintiff's account annexed therefore are well pleaded.

The defendant, if he desires further information as to the itemization of the plaintiff's general claim, could have demanded a bill of particulars before answering to the merits. R. L. c. 173, § 68.

*McGurk* v. *Cronenwett*, 199 Mass. 457, 461. But, the defendant having been content to go to trial on the pleadings, the evidence introduced by the plaintiff as to the number of men employed, the time actually taken by each, and the value of their services, respectively was competent. *DeMontague* v. *Bacharach*, 187 Mass. 128. *Miller* v. *Shay*, 145 Mass. 162.

The exceptions must be overruled.

*So ordered.*