JOHN MARSCH *vs.* SOUTHERN NEW ENGLAND RAILROAD CORPORATION.

SAME *vs.* GRAND TRUNK RAILWAY COMPANY OF CANADA.

SAME *vs.* CENTRAL VERMONT RAILWAY COMPANY.

SAME *vs.* SOUTHERN NEW ENGLAND RAILROAD CORPORATION & others.

Suffolk. January 10, 11, 1918. — June 25, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Pleading, Civil,* Demurrer, Declaration. *Contract,* Validity, Building contracts. *Arbitrament and Award. Jurisdiction. Fraud. Referee. Agency. Corporation. Practice, Civil,* Parties.

In an action of contract for the alleged breach of a contract in writing, where the defendant, in place of demurring to the declaration and assigning his causes of demurrer, moved to strike out certain portions of the declaration, it was *said*

that each of the motions was an attempt to raise in an irregular and anomalous way a question of law, which at common law and under our practice act could be determined only on demurrer or by an objection to the admission of evidence when offered in proof of the alleged facts; but, the questions thus raised having been argued fully as if upon demurrer, the court proceeded to treat the motions as assignments of causes of demurrer, the defendant also having filed a demurrer to the declaration.

In an action by a contractor against a railroad corporation, organized in this Commonwealth, for alleged breach of a contract in writing for the construction by the plaintiff of a railroad from Palmer to a point in Blackstone adjoining the State line of Rhode Island, it appeared that it was provided in the contract that the chief engineer of the defendant should be "sole umpire to decide all such questions, matters, and disputes," should any misunderstanding arise between the parties "regarding any of the stipulations and provisions contained in this Contract, or the true intent and meaning thereof, or the manner of performance thereof, or of any part thereof," including "any arising regarding the amount and quality, character and kind of work performed and material furnished by the Contractor." The contract also provided that the plaintiff should receive payment for work under the contract only upon condition that he performed his part "in strict accordance with the plans and specifications and to the entire satisfaction and approval of the Engineer." It also provided that the presentation of certificates in writing of the engineer should be a condition precedent to any payment, "and such certificates shall be conclusive as to the amount to be paid to the Contractor." *Held*, that these provisions of the contract were valid, and that in order to state a cause of action of the contractor for a breach of this contract the declaration must allege the performance of the condition precedent by the approval and certificate of the defendant's engineer or that the performance of this condition precedent was excused.

In the action above described, the declaration alleged as excuse for not procuring the approval and certificate of the defendant's engineer, that "said engineer did not act in good faith and according to his duty . . . but that he acted wilfully, capriciously, fraudulently, unreasonably and without excuse in refusing to give certificates containing the proper amounts and quantities under a proper classification as provided under the terms of said contract." The contract provided in substance that the engineer's certificate "shall be final and conclusive between the parties" as to the measurements and valuations appearing therein "and shall not be questioned by either party" or set aside "on account of any legal defect therein or in this Contract, or on account of any informality, omission, delay or error in proceeding in or about the same or on any other ground or for any other reason, or upon any pretence, suggestion, charge or insinuation of fraud, coercion, collusion or confederacy . . . and actual fraud only shall disqualify him [the engineer] from acting as aforesaid." *Held*, that under the contract the allegations of the declaration above quoted stated no ground for questioning the decision of the engineer, who was to be disqualified as *quasi* arbitrator on no ground less than "actual fraud."

In the same case it was *held* that the provisions of the contract in regard to the conclusiveness of the engineer's certificates and to the qualifications of the engineer as arbitrator were not void because the engineer was an officer or agent of one of the parties to the contract and from the nature of his employment might be biased in his judgment.

In the same case it appeared that the contract provided that the certificate to be given by the engineer "shall be final and conclusive between the parties hereto and shall not be questioned by either party . . . as to the Construction of this Contract, or as to any question of law or fact, or as to the measurements or valuations arising out of or incidental to the performance of this Contract or as to any breach thereof by either party hereto, or as to the payment or payments to be made for any work done or material provided in the completion of the whole work contemplated by this Contract, or as to the validity or sufficiency of the information on which any certificate of the Engineer shall have been given." *Held,* that this provision was not illegal as an attempt to oust the courts of their jurisdiction respecting the subject matter of the contract, because by the terms of the contract the contractor could have no right of action to which the jurisdiction of the court could attach until he should present a certificate of the engineer unimpeachable in the absence of fraud.

In the same case the declaration contained an allegation that the engineer "was under the absolute control and direction of the defendant, and said defendant could at any time by the terms of said contract dismiss said engineer and appoint any other person to act in his stead." *Held,* that these were not sufficient allegations of bias, fraud or prejudice to show collusion and fraud and were not enough to require judicial inquiry.

In the same case it was *held* that the plaintiff stated no cause of action in regard to extra work alleged to have been required of him by the defendant, because the allegations of the declaration did not bring the alleged extra work within the requirements of the contract.

In the same case it was *held* that allegations contained in the declaration seeking damages on the ground, that the defendant repeatedly interrupted and suspended the progress of the work for long periods of time and prevented the plaintiff from completing the work and the construction of the roadway and that such interruptions and suspensions were not ordered in good faith, stated no cause of action, because the contract contained the following provision: "Notwithstanding anything in this Contract contained, the Corporation shall have the right to suspend the progress of the work or any part thereof as often and for such time as they shall see fit . . . [and] the Contractor shall not have any claim against the Corporation for any damage which the Contractor shall sustain by reason of any delay in the progress of the work arising from such suspension or from any act or omission of the Corporation or any of its agents," and because the motive of the defendant in doing what it had a right to do under the contract was immaterial.

In the same case it was *held* that there was nothing contrary to public policy in an agreement like that contained in the provision of the contract last quoted above, when made by the parties voluntarily and advisedly, as it was in the present case.

In the same case it appeared that by the terms of the contract the defendant reserved the right to omit or deviate from the plans and specifications or work as the defendant might deem expedient, and the contract contained a provision that "no compensation shall be claimable by the contractor for any loss of anticipated profits because of such change, deviation, or omission," and it was *held* that an allegation in the declaration that "certain portions of the work, which by the terms of said contract the plaintiff was entitled to perform . . . were taken from the plaintiff . . . and given to other parties, whereby the plaintiff was deprived of the profit which would have accrued" to him, stated no

cause of action, because under the contract the defendant had a right to do this.

The contractor, who was the plaintiff in the action above described, brought another action against a foreign railroad corporation, alleging that the defendant desired to extend its line of railroad through this Commonwealth but that the laws of this Commonwealth did not provide for the construction or operation by a foreign corporation of a railroad within its borders and that the defendant caused to be organized and incorporated in this Commonwealth the railroad corporation which was the defendant in the action first above described and which made the contract with the plaintiff there sued upon, that the defendant had the sole ownership and control of that Massachusetts corporation, controlling almost its entire capital stock, and that the principal officers and directors of the two corporations were identical, that the defendant "through the instrumentality of its *alter ego*," the Massachusetts corporation, entered into the contract with the plaintiff for the construction of the proposed portion of the defendant's line from Palmer to a point in Blackstone adjoining the State line of Rhode Island, and that the defendant was liable to the plaintiff for the breach of the contract sued upon in the action first above described. Upon demurrer it was *held* that the contract in question was made only with the Massachusetts corporation, which was separate and distinct from the defendant, that the motive of the defendant in acquiring control of the Massachusetts corporation was immaterial, that the Massachusetts corporation could not be treated as the defendant's "*alter ego*" or agent when openly contracting for itself in its own corporate name, and that accordingly only the Massachusetts corporation could be sued by the contractor on the contract made by it for the construction of the road in this Commonwealth.

In an action against both the Massachusetts corporation and the foreign corporation, it was assigned as a ground of demurrer that there was a misjoinder of parties, and it was *held* that it was improper to join the Massachusetts corporation as the agent of a declared principal with itself as principal in allegations of a joint undertaking with the defendant foreign corporation for which in the making of the contract with the plaintiff it was alleged to have acted as agent.

FOUR ACTIONS OF CONTRACT for alleged breaches by the respective defendants of a contract in writing between the plaintiff and the Southern New England Railroad Corporation for the construction of a railroad from Palmer to a point in Blackstone adjoining the State line of Rhode Island, the first action being against the Southern New England Railroad Corporation, a corporation organized under the laws of this Commonwealth, the second action against the Grand Trunk Railway of Canada, the third action against the Central Vermont Railway Company and the fourth action against all three of the corporations previously named as single defendants. Writs dated November 25, 1916, the *ad damnum* named in each being $3,000,000.

The material allegations contained in the declarations in the

four cases are described in the opinion. In each of the first three cases the defendant demurred and in the fourth case all the defendants demurred. The defendant in each action also made the motions to strike out certain portions of the declarations which are stated in the opinion.

The portions of the declarations referred to in these motions were as follows:

"And the plaintiff further says that said engineer was prevented by the interference of the defendant from giving a certificate representing the true measurements and valuations computed in accordance with the terms of said contract and specifications and was precluded from estimating in good faith and to the best of his independent and uncontrolled judgment the true amounts and valuations of said materials as provided by the terms of said contract and specifications, more particularly in that he was under the absolute control and direction of the defendant, and said defendant could at any time by the terms of said contract dismiss said engineer and appoint any other person to act in his stead."

"And the plaintiff further says that the defendant has wholly failed to carry out its said agreement in that extra work was required of the plaintiff under the terms of said contract, for which, according to the terms of said contract, the plaintiff is entitled to be paid; that, although the engineer and the contractor have failed to agree on the sum to be allowed therefor, the engineer has, although often thereto requested, wilfully, capriciously, fraudulently, unreasonably and without excuse, refused to issue certificates for said work and construction based upon the actual cost of the material and labor with fifteen per cent of the labor added for profit and use of tools as provided by the terms of said contract; that the plaintiff has often and repeatedly notified the defendant of the failure of the engineer to provide said certificates and to act in accordance with the terms of said contract, but nevertheless said defendant has at all times failed and refused and still fails and refuses to make any payments for said work and construction as performed by the plaintiff under the terms of said contract.

"And the plaintiff further says that although he was at all times ready to perform and carry out his part of said agreement the

defendant repeatedly interrupted and suspended for long periods the progress of said work and prevented the plaintiff from completing the work and construction of said roadway so that the plaintiff was put in a position whereby he could not proceed with the prosecution of said work. Nor was the construction of the road so suspended as to enable the plaintiff to undertake any other work or construction, particularly as by the terms of said contract he was bound to resume the prosecution of said work upon the written order of the engineer. And the plaintiff further alleges that said interruptions and suspensions were not ordered in good faith and for any legal cause or reason within the intention of said parties, but were solely for the purpose of harassing, embarrassing and annoying the plaintiff and for the purpose of causing him great inconvenience, expense and damage by reason of said interruptions and suspensions of said work in order to induce the plaintiff to refuse to proceed with said contract and to abandon the construction and completion of said roadway.

"And the plaintiff further says that the defendant has failed to carry out its part of said agreement in that it neglected and failed to cause instructions to be given by the engineer for the clearing of said right of way upon which the plaintiff was working. Nor did the defendant contract for the clearance of the right of way or removal of buildings or other structures on the right of way with other parties as provided under the terms of said contract whereby the plaintiff was continually delayed and held up in the prosecution and progress of said work and whereby the plaintiff incurred expense and damage and was compelled to clear said right of way from buildings and other obstructions in order to complete the construction of said roadway as required by the terms of said contract.

"And the plaintiff further says that certain portions of the work, which by the terms of said contract the plaintiff was entitled to perform in accordance with the terms of said contract, were taken from the plaintiff by said defendant and given to other parties, whereby the plaintiff was deprived of the profit which would have accrued from the performance of said portions of the work if done by the plaintiff under the terms of said contract."

The demurrers and the motions were argued before *J. F. Brown,* J., who in each of the cases made an order overruling the

demurrer or demurrers and denying the motions.  The defendants appealed from the several orders, and the judge, being of opinion that the issues raised by the demurrers and motions to strike out passed upon by his several orders were of such importance to the conduct of the actions that they should be determined by this court before further proceedings in the Superior Court, reported each of the cases for such determination.

*C. A. Wilson,* for the defendants.

*A. Lincoln & L. Withington,* (*E. H. Abbot, Jr.,* with them,) for the plaintiff.

PIERCE, J.   These are four actions of contract, founded upon the alleged failure of each of the several defendants to perform its part of an unsealed written contract entered into on July 20, 1912, between the plaintiff and the defendant in the first action, for the construction by the plaintiff of a railroad from Palmer, Massachusetts, to the Rhode Island State line at a point in Blackstone, Massachusetts.  In each action the plaintiff alleges that he has constructed the roadway according to the terms of the contract in conformity with the plans and specifications furnished him, and seeks to recover payment for the work done in accordance with the provision of the contract; which contract, among other things, provides in substance by clauses 1 and 19 that the chief engineer of the Southern New England Railroad Corporation, the defendant in the first action, shall be "sole umpire to decide all such questions, matters, and disputes," should any misunderstanding arise between the parties "regarding any of the stipulations and provisions contained in this Contract, or the true intent and meaning thereof, or the manner of performance thereof, or of any part thereof," including "any arising regarding the amount and quality, character and kind of work performed and material furnished by the Contractor."

By clause 20 the corporation agreed to pay the plaintiff the amounts set down in the schedule thereto, only upon condition that he did and performed all things to be done and performed on his part "in strict accordance with the plans and specifications and to the entire satisfaction and approval of the Engineer."

Clause 21 provides for monthly payments as the work progressed and for final payments upon the completion of the whole work, such payments, "less any sums which under any of the provisions

of this Contract the Corporation may be entitled to deduct there-from, shall be made . . . upon presentation of written certificate of the Engineer showing the value of such work computed as aforesaid and stating that the work for or on account of which such certificate is granted has been duly performed and executed to his satisfaction and in accordance with the plans and specifications. The presentation of such certificate . . . shall be a condition precedent to the right of the Contractor to receive or be paid the amount so certified as due and unpaid or any part thereof, and such certificate shall be conclusive as to the amount to be paid to the Contractor."

Clause 23 provides in substance that such certificate shall be final and conclusive between the parties as to the measurements and valuations appearing therein and shall not be questioned by either party or set aside "on account of any legal defect therein or in this Contract, or on account of any informality, omission, delay or error in proceeding in or about the same or on any other ground or for any other reason, or upon any pretence, suggestion, charge, or insinuation of fraud, coercion, collusion or confederacy . . . and actual fraud only shall disqualify him [the engineer] from acting as aforesaid."

The liability of the defendant is made conditional upon the presentation of the engineer's certificate, which presentation is expressly made "a condition precedent to the right of the Contractor to receive or be paid the amount." certified by the engineer. The allegation in the declarations in the several actions "that he [the plaintiff] has done and performed all acts and things which by the terms of said contract and agreement he was required to do and perform" is insufficient upon which to found a right of action. In addition thereto, it must be averred specifically that the condition precedent was performed or the want of that performance excused. R. L. c. 173, § 6, cl. 11. *Newcomb v. Brackett*, 16 Mass. 161. *Newton Rubber Works v. Graham*, 171 Mass. 352. *National Contracting Co. v. Commonwealth*, 183 Mass. 89. As his reason for the non-performance of the conditions precedent, the plaintiff alleges in his several declarations that "said engineer did not act in good faith and according to his duty . . . but that he acted wilfully, capriciously, fraudulently, unreasonably and without excuse in refusing to give certificates contain-

ing the proper amounts and quantities under a proper classification as provided under the terms of said contract."

The defendant in each action moved to strike from the several counts of the several declarations the words "wilfully," "capriciously," "unreasonably" and "without excuse," each of which plainly is a characterization of the conduct of the engineer, and when proved is averred to be sufficient to excuse the non-performance of the condition precedent.

The defendant in each action also moved to strike out the paragraph of the several declarations commencing "And the plaintiff further says that said engineer was prevented" and ending with the words "any other person to act in his stead."

Also, to strike out the paragraph of the several declarations beginning with "And the plaintiff further says that the defendant has wholly failed" and ending with the words "under the terms of said contract."

Also, to strike out the paragraph of the several declarations between the words "And the plaintiff further says that although he was at all times ready" and the words "to abandon the construction and completion of said roadway."

Also, to strike out that part of the plaintiff's several declarations between the words "And the plaintiff further says that the defendant has failed" and the words "as required by the terms of said contract."

Also, to strike out that paragraph of the several declarations which commences with the words "And the plaintiff further says that certain portions of the work" and ends with the words "under the terms of said contract."

Each of these motions was an irregular and anomalous way of raising for decision a pure question of substantive law, which under the common law and our practice act can be determined only on demurrer or by an objection to the admission of evidence when offered in proof of the alleged facts. R. L. c. 173, §§ 14, 16, cl. 2. *Montague* v. *Boston & Fairhaven Iron Works,* 97 Mass. 502. *Saco Brick Co.* v. *J. B. Eustis Manuf. Co.* 207 Mass. 312, 315. The granting of such a motion may result in legal error; the denial thereof never can. *Gardner* v. *Webber,* 17 Pick. 407. *Gately* v. *Taylor,* 211 Mass. 60, 65. *Powers* v. *Bergman,* 197 Mass. 39. *Golding* v. *Wharton Saltworks Co.*

1 Q. B. D. 374. *Duncan* v. *Hargrove*, 22 Ala. 150, 161. The motions were denied; and the issues raised thereby, together with certain other distinct issues raised by demurrers to the several counts of the declaration and hereinafter considered, were reported to this court under R. L. c. 173, § 105.

The questions of law attempted to be raised by the motion to strike out have been fully argued, and we therefore consider such questions on the footing of a demurrer to the allegations of fact in the declarations which the plaintiff asserts constitutes a sufficient excuse for his failure to secure the written certificates of the engineer before bringing his action. A comparison of the facts, alleged in the declaration in excuse of the non-performance of the condition precedent with the terms of the contract, limiting the right of either party to the contract to question the conclusiveness of the certificates of the engineer upon any ground other than "actual fraud," affords a sufficient demonstration that each of the alleged facts, if allowed to be proved, adds to the terms of the written contract a new and substantial ground or reason less than "actual fraud" for the disqualification of the engineer as *quasi* arbitrator.

At the trial, against the substantive rule of law that evidence is not admissible to vary the terms of a written instrument, evidence could not be received to prove facts which would change the terms of the contract. It is therefore plain that a demurrer must be sustained to the parts of the several declarations which are specifically indicated in the several motions to strike out, unless the contract itself, in so far as it relates to the conclusiveness of the certificates and to the qualifications of the engineer as arbitrator, shall be held to be void, because the engineer is an officer or agent of one of the parties to the contract or because the provisions referring disputes to the engineer as an arbitrator whose decision shall be final are broader than are permitted by the court. It would seem to be settled that the engineer or architect of one of the contracting parties legally may act as arbitrator of all disputes between the parties as to the construction of the contract or arising out of or incidental to the performance of the contract, if, in the absence of bad faith or fraud, he shall be chosen by all parties to the contract acting with knowledge of his employment, even though from the nature of the employment he may be unin-

different and biased. *Palmer* v. *Clark*, 106 Mass. 373, 389. *Fox* v. *Hazelton*, 10 Pick. 275. *Strong* v. *Strong*, 9 Cush. 560, 569. *White* v. *Middlesex Railroad*, 135 Mass. 216. *Hebert* v. *Dewey*, 191 Mass. 403, 410. *Ranger* v. *Great Western Railway*, 5 H. L. Cas. 72. *Jackson* v. *Barry Railway*, [1893] 1 Ch. 238. The cases of *C. W. Hunt Co.* v. *Boston Elevated Railway*, 199 Mass. 220 and *Brocklehurst & Potter Co.* v. *Marsch*, 225 Mass. 3, deal with the appointment of a party and are distinguishable on that ground.

The provision that the certificate to be given by the engineer "shall be final and conclusive between the parties hereto and shall not be questioned by either party, . . . as to the Construction of this Contract, or as to any question of law or fact, or as to the measurements or valuations arising out of or incidental to the performance of this Contract or as to any breach thereof by either party hereto, or.as to the payment or payments to be made for any work done or material provided in the completion of the whole work contemplated by this Contract, or as to the validity or sufficiency of the information on which any certificate of the Engineer shall have been given . . .," was agreed to between the parties to prevent disputes as to the quality of the certificate which the contractor was required to present as a condition precedent to his right to receive payment of the amount certified by the engineer. This provision is not illegal as an attempt to oust the court of its jurisdiction respecting the subject matter, because by the terms of the contract the contractor can have no right of action to which the jurisdiction of any court can attach until he shall present a certificate of the engineer unimpeachable in the absence of fraud. *Lewis* v. *Brotherhood Accident Co.* 194 Mass. 1, 4. *Martinsburg & Potomac Railroad* v. *March*, 114 U. S. 549. *Chicago, Santa Fe & California Railroad* v. *Price*, 138 U. S. 185. Nor do we think illegal the provision of the contract which provides for a reference to the engineer of all questions in dispute regarding the "amount and quality, character and kind of work performed and material furnished by the Contractor," as also "any of the stipulations and provisions contained in this Contract, or the true intent and meaning thereof, or the manner of performance thereof, or of any part thereof by either of the said parties," because such determination of necessity must be made by the engineer before he can settle the

amount due the contractor and deliver the certificate as provided in the contract. *Palmer* v. *Clark, supra. Norcross* v. *Wyman,* 187 Mass. 25. *Old Colony Street Railway* v. *Brockton & Plymouth Street Railway,* 218 Mass. 84. *Boston Water Power Co.* v. *Gray,* 6 Met. 131, 167. *Hood* v. *Hartshorn,* 100 Mass. 117. *Audette* v. *L'Union St. Joseph,* 178 Mass. 113. *White* v. *Abbott,* 188 Mass. 99, 102. *National Contracting Co.* v. *Commonwealth,* 183 Mass. 89. *Hebert* v. *Dewey, supra.* We are of opinion the allegation "that said engineer was prevented by the interference of the defendant from giving a certificate representing the true measurements and valuations," imports not alone undue influence, but also that the engineer yielded to that influence. If such should be the case, such action would be a fraud and would leave the provision for obtaining the certificate of no effect. *Strong* v. *Strong, supra. Hebert* v. *Dewey,* 191 Mass. 403, 413.

We are of opinion the allegations, "more particularly in that he was under the absolute control and direction of the defendant, and said defendant could at any time by the terms of said contract dismiss said engineer and appoint any other person to act in his stead," are not sufficient allegations of bias, fraud or prejudice to show collusion and fraud and are not enough to require judicial inquiry. *Nichols* v. *Rogers,* 139 Mass. 146. *Nye* v. *Storer,* 168 Mass. 53, 55. *Garst* v. *Hall & Lyon Co.* 179 Mass. 588, 590.

We are of opinion the allegation contained in the several declarations "that the defendant has wholly failed to carry out its said agreement in that extra work was required of the plaintiff under the terms of said contract, for which, according to the terms of said contract, the plaintiff is entitled to be paid; that . . . the engineer has . . . wilfully, capriciously, fraudulently, unreasonably and without excuse refused to issue certificates," is insufficient as a statement of a cause of action, because if the right to receive payment for extra work is founded upon paragraph 73 of the specifications, it is not alleged that the work was "performed by the Contractor at the written request of the Engineer," because it is not alleged that the work performed was a "class of work not provided for by the prices mentioned in the contract," and because, if within the work to be done under paragraph 15 of the contract, it is not alleged that the engineer gave the con-

tractor "written orders" for the work alleged to be extra work or that there was a compliance with the provision "The Contractor and Engineer shall, before the work called for by such order is commenced, ascertained and fix in writing signed by them respectively the precise changes as provided for . . . and the sum to be allowed therefor and to be added to the Contract price. . . . In no case and on no pretense shall any charge for extras or any additional sum be claimed by the Contractor or paid by the Corporation unless the requirements of this clause shall have been strictly complied with in all respects."

It is unnecessary to determine whether paragraphs 73 and 74 of the specifications are repugnant to paragraph 15 of the contract, as claimed by the defendant, because the plaintiff has not brought himself within either paragraph.

We are of opinion the allegations contained in the several declarations, in substance that although the plaintiff was at all times ready to perform his part of the agreement the defendant repeatedly interrupted and suspended the progress of the work for long periods of time and prevented the plaintiff from completing the work and the construction of the roadway, and "that said interruptions and suspensions were not ordered in good faith and for any legal cause or reason within the intention of said parties, but were solely for the purpose of harassing, embarrassing and annoying the plaintiff and for the purpose of causing him great inconvenience, expense and damage by reason of said interruptions and suspensions of said work in order to induce the plaintiff to refuse to proceed with said contract and to abandon the construction and completion of said roadway," are insufficient as a cause of action, because it is provided in paragraph 7 of the contract that "Notwithstanding anything in this Contract contained, the Corporation shall have the right to suspend the progress of the work or any part thereof as often and for such time as they shall see fit . . . [and] the Contractor shall not have any claim against the Corporation for any damage which the Contractor shall sustain by reason of any delay in the progress of the work arising from such suspension or from any act or omission of the Corporation or any of its agents." We are of opinion there is nothing contrary to public policy in an agreement of this kind which the parties have voluntarily and advisably made. The motive of the

parties which induces them to action under a legal contract is immaterial.

The allegations in substance in the several declarations that the defendant "has failed to carry out its part of said agreement in that it neglected and failed to cause instructions to be given by the engineer for the clearing of said right of way upon which the plaintiff was working . . . whereby the plaintiff incurred expense and damage," is insufficient to state a cause of action. The contract nowhere provides that the defendant shall clear the right of way; and there is no allegation of the production of the engineer's certificate or of the refusal of the defendant or engineer to clear the right of way.

The allegation in substance in the several declarations that "certain portions of the work, which by the terms of said contract the plaintiff was entitled to perform . . . were taken from the plaintiff . . . and given to other parties, whereby the plaintiff was deprived of the profit which would have accrued" to him, is insufficient to state a cause of action, because the facts alleged are inconsistent with the right reserved to the Corporation under paragraph 15 of the contract to omit or deviate from the plans and specifications or work as it may deem expedient, and because of the further provision of that clause that "no compensation shall be claimable by the contractor for any loss of anticipated profits because of such change, deviation, or omission."

The defendant in the action against the Grand Trunk Railway Company of Canada and the defendant in the action against the Central Vermont Railway Company demurred to the first count, which is identical in each declaration except that a different railway company is made defendant. In substance, the first count alleges "that said defendant corporation desired to extend its line of operations to Providence, in the State of Rhode Island, . . .; that the laws of Massachusetts did not provide for the construction or operation of a railroad within the borders of said Commonwealth by a foreign corporation . . .; that the defendant . . . caused the Southern New England Railroad Corporation to be organized under the laws of Massachusetts . . .; that said Southern New England Railroad Corporation was organized by the defendant merely as an instrumentality whereby the defendant might secure authority under the law to build within the limits of Massachusetts

the desired extension of railroad necessary to carry into effect said project and plan . . .; that the defendant has the sole ownership and control of said Southern New England Railroad Corporation; that the defendant controls almost the entire subscription of capital stock; that the principal officers and directors of the defendant and said Southern New England Railroad Corporation are identical; that . . . in the furtherance of said undertaking the defendant, through the instrumentality of its *alter ego,* the said Southern New England Railroad Corporation, entered into a contract with the plaintiff for the construction of that part of said extension which lies between the town of Palmer in the State of Massachusetts and the town of Blackstone in the State of Massachusetts, most of the terms of which contract appear in a certain written instrument with another instrument designated as 'Specifications for the Construction of the Roadway,' both instruments being hereto annexed, marked 'A'."

In substance and as argued, the defendants assign as ground for their demurrers (1) that the plaintiff's claim is against the Southern New England Railroad Corporation with which the contract was made, and (2) that the defendant cannot be joined as principal and as an undisclosed principal in the same suit on a single contract.

As to the first ground we are of opinion the demurrer should be sustained. The contract was made with the Southern New England Railroad Corporation, duly incorporated to do the work and incidentally to make all necessary contracts therefor. The contracting company was separate and distinct from either of the other defendant corporations, which were created by the laws of two and different foreign States. The declaration does not allege that the plaintiff was ignorant of the interest of either of the defendants in the contracting corporation; nor is there any allegation of concealment of the fact that the defendant corporations controlled the stock and the principal officers and directors of the contracting corporation. The identity of stockholders and the control of the contracting corporation does not operate to merge the corporations into one or to make either the agent of the other. *Richmond & Irvine Construction Co.* v. *Richmond, Nicholasville, Irvine & Beattyville Railroad,* 68 Fed. Rep. 105. *Salomon* v. *Salomon & Co.* [1897] A. C. 22.

The motive of the defendant or defendants, that is, the desire of either of them to secure through the instrumentality of a corporation authority under the law to build the desired extension and thereby escape other than a restricted or limited legal liability for the acts and contracts of the corporation, cannot be regarded. Corporations, like individual stockholders, are distinct entities and neither can be treated as the "*alter ego*" or agent of the other when openly contracting for itself and in its own corporate name. *Peterson* v. *Chicago, Rock Island & Pacific Railway*, 205 U. S. 364, 392. *Gardiner* v. *Treasurer & Receiver General*, 225 Mass. 355, 370. *Brighton Packing Co.* v. *Butchers Slaughtering & Melting Association*, 211 Mass. 398, 403. *Salomon* v. *Salomon & Co. supra. Montgomery* v. *Forbes*, 148 Mass. 249, is not an authority for the plaintiff. In that case the defendant attempted and failed to organize a valid corporation to take over his business. It resulted that the business carried on in the corporate name remained his personal business, with an individual liability for debts and obligations thereby incurred.

We are of opinion the pleader does not describe in different counts the same defendant in different capacities, but attempts to state the cause of action in such a way as to make the declaration accord with two different possible views of the legal descriptive ground upon which to found an action against either defendant. It follows that the demurrer for misjoinder must be overruled.

The defendants demurred to the several counts in the action against the Southern New England Railroad Corporation, the Grand Trunk Railway Company and the Central Vermont Railway Company, on grounds substantially as follows:

1. That the first count is improperly joined with the second and third counts, in that the first count purports to set out a cause of action against the Grand Trunk Railway Company and the Central Vermont Railway Company while the second and third counts purport to set out a cause of action against all three defendants. As to this contention we are of opinion the first count does purport to set out a cause of action against the Southern New England Railroad Corporation as well as the other defendants, by the allegation "that on or about the 20th of July, 1912, in the furtherance of said project and undertaking, the defendants,

through the instrumentality of their Massachusetts personality, the said Southern New England Railroad Corporation, entered into a contract with the plaintiff."

2. That the declaration improperly joins the first count purporting to set forth a cause of action against all the defendants as principal with the second count, wherein all the defendants are named as principal and the Southern New England Railroad Corporation is also charged as agent of the other defendants. As to this contention we are of opinion it was improper and error to join in the second count the Southern New England Railroad Corporation as agent of a declared principal, with itself as principal, in a common and joint undertaking with the other defendants for which in the making of the contract with the plaintiff it is alleged to have acted as agent. As agent, the Southern New England Railroad Corporation could have been sued separately to judgment; or it could have been sued jointly as principal with the other defendants as principal, and the action proceed against all parties until it appeared with reasonable certainty that one of the defendants was the agent of the others. The plaintiff would then be put to his election whether he would look to the agent or to the principals. *Raymond* v. *Crown & Eagle Mills,* 2 Met. 319. *Weil* v. *Raymond,* 142 Mass. 206, 213. *Estes* v. *Aaron,* 227 Mass. 96. *Gavin* v. *Durden Coleman Lumber Co.* 229 Mass. 576. The demurrer should be sustained.

There is no misjoinder between the several counts and the third count. The third count is upon an account annexed and in itself is assumed to contain all necessary allegations to render the defendants liable upon any common count. *Noble* v. *Segal,* 214 Mass. 159.

3. The defendants also demurred for the reason alleged and examined in the opinion in the actions against the Grand Trunk Railway Company and the Central Vermont Railway Company. In these actions we have considered these several grounds of demurrer, and need not repeat what has been there said.

It follows that the motions to strike out should be allowed and the demurrers severally sustained.

*So ordered.*