DORNFELD and another, Respondents, vs. THOMPSON and another, Appellants.

*March 15—April 11, 1922.*

*Principal and agent: Action against both: Election by plaintiff when true relation is disclosed: Judgment against both erroneous.*

1. In the absence of a bill of exceptions an appeal presents no question upon the facts.
2. An action brought against two defendants as jointly liable should be continued by the court against both as principals, and when it appears that one defendant acted as the agent for the other, plaintiffs should be required to elect whether to hold the real principal on the contract or the agent because of an estoppel to deny he was the principal; but it is error to enter judgment against the defendants jointly.

APPEAL from a judgment of the county court of Dodge county: E. H. NABER, Judge. *Reversed, with directions.*

The plaintiffs as copartners sued defendants jointly in justice's court to recover for carpenter and mason work, alleging the same to have been done at the request of defendants and at the agreed price of sixty cents per hour in addition to their board and lodging; alleging further that they worked 1,176 hours; that there was justly due $705.60, upon which there had been paid $529.34; that for the balance of $176.26 demand had been made, payment refused, and for such sum judgment was asked.

Judgment was duly given plaintiffs in justice's court, no issues being there presented by defendants. Defendants then appealed to the county court of Dodge county and separate answers were there interposed.

The defendant *Edward Thompson* in substance asserted that the plaintiffs were not copartners, and that he acted in the transaction as agent only for his codefendant.

The defendant *Mary Thompson* alleged that an agreement had been made with plaintiffs to perform work and labor on her farm buildings and for which she agreed to pay the reasonable value; that plaintiffs employed 1,176 hours in such work and labor, that the reasonable value was sixty cents per hour, that she became indebted in the sum of $705.60 and has paid thereon $674.84, leaving a balance due of $30.76. She also counterclaimed on the following alleged causes of action:

First, for auto livery service of the value of $54.

Second, for board and lodging furnished to the value of $148.75.

Third, that plaintiffs left two unsightly stones in the cement porch they built, to her damage $10.

Fourth, that improper work was done in the cellar steps, to her damage of $25.

Fifth, improper workmanship as to stanchions in the barn, damaging her to the extent of $100.

Sixth, improper erection of wooden posts in the barn, causing damage of $10.

Seventh, unworkmanlike construction of cement floor, causing $80 damages.

She prayed for $427.50 damages.

A reply was duly interposed and the cause was tried by the court, who found among other things:

"On the question of agency, I find that there is no doubt but that *Edward Thompson* acted as agent for his mother, *Mary Thompson,* but there is nothing in the evidence to show that this agency was in any way disclosed to the plaint-

iffs, and I believe it to be an elementary rule of law that where the relationship of principal and agent is undisclosed, the agent cannot later in an action claim that he should not be held because he merely acted as agent. It is my opinion, therefore, that the action was properly brought against both defendants."

That plaintiffs were copartners.

That the defendants contracted with the plaintiffs for the performance of work upon the farm of the defendants and for the number of hours and at the rate and for the gross amount as claimed by plaintiffs; and that there had been paid thereon $529.34, leaving a cash balance of $176.26.

That sixty cents an hour was a reasonable price for such work, "and that the same included board and lodging, and that it was customary that board and lodging should be furnished."

That the defendants were entitled to an offset in the sum of $54 for the auto livery work done for plaintiffs.

"That the counterclaim of defendants as to damages by reason of stone projecting in front of the house, improper construction of cellarway, improper construction of stanchions and wooden posts, and damages by reason of improper drain in stable, has not been established by a preponderance of the evidence."

Judgment was then ordered for plaintiffs for the difference between $176.26 due plaintiffs on their cause of action and the $54 found on defendants' counterclaim, and from such judgment defendants have appealed.

The cause was submitted for the appellants on the brief of *Robinson & Brendemuehl* of Oconomowoc, and for the respondents on that of *Clifford & Hartman* of Juneau.

Eschweiler, J. This appeal presents no question upon the facts, there being no bill of exceptions.

Although the court found that the defendant *Edward*

Dornfeld v. Thompson, 177 Wis. 4.

*Thompson* was but agent for the defendant *Mary Thompson* in the making of the contract, yet judgment was entered against both jointly. In this there was error.

Plaintiffs brought this suit against both defendants as principals jointly liable upon what was evidently an oral contract. The action properly could continue as it did against both as principals until it appeared with reasonable certainty that the true situation was that the contract was made for the sole benefit of the one only as principal and that the other was in fact but an agent of the real party. Such situation did appear at the close of the testimony, as shown by the findings. The plaintiffs should have then elected whether to hold the real principal because it was her contract, or the agent because of an estoppel to deny his being a principal arising from his acts or representations that he was such. But defendants are not jointly and equally liable, and the judgment cannot now, the agency being an established fact, go against them both. *Marsch v. Southern N. E. R. Corp.* 230 Mass. 483, 499, 120 N. E. 120, and cases cited; *Reid v. Miller,* 205 Mass. 80, 85, 91 N. E. 223; *Berry v. Chase,* 146 Fed 625; *Phillips v. Rooker,* 134 Tenn. 457, 464, 184 S. W. 12; *Pittsburg P. G. Co. v. Roquemore* (Tex. Civ. App.) 88 S. W. 499; note in 21 L. R. A. N. s. 786; 2 Page, Contracts (2d ed.) § 1776; 2 Corp. Jur. 844; 21 Ruling Case Law, 894.

Other assignments of error are based upon criticisms as to the form of the findings, but we deem none of them well taken or of sufficient importance to be discussed.

The plaintiffs should be required to elect as against which defendant judgment should be entered and thereupon the action be dismissed as to the other.

*By the Court.*—Judgment reversed, and the cause remanded for further proceedings in accordance with this opinion.