Barrett, J.
The plaintiffs, Robert J. Fairneny (“Fairneny”) and Robert J. Zawacki (“Zawacki”), bring this action individually as well as derivatively on behalf of the Savogran Company (“Savogran”). Plaintiffs seek damages in their derivative action on behalf of Savogran for the dissipation of corporate assets by the defendant, Robert Lenk (“Lenk”) (“Count I”), and breach of fiduciary duty by Lenk (“Count II”). Count III of plaintiffs’ complaint asserts a class action on behalf of the beneficiaries of the Savogran Company Employees Stock Ownership Plan (“ESOP”). Furthermore, both Fairneny and Zawacki allege defendants have breached the implied covenant of good faith and fair dealing (“Count IV”), defendants wrongfully discharged them (“Count VH"), and as a result of the acts of Lenk, they have been defamed (“Count VIII”). Count V and Count VI of plaintiffs complaint apply only to Fairneny and involve claims of a breach of an implied contract of employment and promissory estoppel.
This matter is before the court on defendants’ Savogran, John L. Gale (“Gale”), Mary Tillett {‘Tillett”), Thomas Little (“Little”), and Stephen Mclean (“Mclean”) motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Defendants argue plaintiffs’ claims “relate to” an employee benefit plan and, accordingly, are preempted by the Employee Retirement Income Security Act, 29 U.S.C. S 1001 (“ERISA”). Further, defendants argue plaintiffs’ class and derivative claims must be dismissed rather than bifurcated.(Plaintiffs agree that it is appropriate to dismiss these claims and accordingly have voluntarily dismissed their derivative and class action claims. See, Plaintiffs’ Opposition to Defendants’ Motion to Dismiss.) Finally, defendants assert plaintiffs’ complaint must be dismissed for failure to state a claim upon which relief may be granted.
BACKGROUND
The complaint alleges Savogran Is a manufacturer of chemical-based products with its headquarters located in Norwood, Massachusetts. Prior to their last day of employment, Fairneny and Zawacki were officers and directors of Savogran and were ESOP and Profit Sharing Trustees. Lenk is president and a director of Savogran and an ESOP Trustee. Gale, Tillet, and Mclean are directors of Savogran, while Little is a Director of Savogran and a Profit Sharing Trustee.
In 1988, Savogran’s Board of Directors voted to establish an ESOP to acquire Savogran's common stock. Savogran common stock was to be acquired primarily from two testamentary trusts holding the stock since the death of the son of the original company founder. Prior to the creations of the ESOP, Savogran had a Profit Sharing Trust, and included among the Trust’s holdings was common stock in Savogran.
The ESOP was formally established on December 16,1988, and Lenk’s conduct came under the scrutiny of Fairneny and Zawacki, who now, they allege, had the fiduciary obligation to conduct such scrutiny.
Fairneny and Zawacki allege that since 1982, Lenk caused and authorized his daughter, Elizabeth For-syth (“Forsyth”), to be enrolled as a member of the group health insurance plan maintained by Savogran for the benefits of its employees as a fringe benefit of employment. Membership in this plan is limited to Savogran employees and their eligible dependents, defined by the plan as the spouse and minor children of employees. Plaintiffs assert that because Forsyth is not an employee of Savogran, nor the spouse or eligible dependent of an employee, she is ineligible to participate in said plan, however, the plan expended corporate funds exceeding $40,000.00 in premiums and claims paid for her. Plaintiffs, as trustees of the ESOP, confronted Lenk regarding these disbursements. The Board of Directors of Savogran informed Lenk that he must make restitution of this expenditure, however, Lenk has failed to do so.
Plaintiffs further allege that in 1989 and 1990, Lenk also failed to justify or document expenditure of other Savogran funds under his discretion and control, including, inter alia, personal expense accounts and credit cards. In 1990, for example, it is alleged Lenk charged gasoline on credit cards issued to him when operating his company car on personal business, in violation of corporate policy. Furthermore, plaintiffs allege corporate counsel for Savogran performed numerous personal legal services for Lenk in connection with his divorce and those legal fees were included in an invoice submitted to Savogran for corporate legal service rendered to it.
Plaintiffs maintain that after confronting Lenk about such expenditures he stated he would step down as chief executive officer of Savogran, however, secretly he decided to resist removed and engaged legal *571 counsel to embark on a program to “turn the tables” on the plaintiffs and cause their removal. Plaintiffs allege Lenk proceeded to engage in numerous “dirty tricks,” including; inter alia, circulating false information among the employees concerning the Board of Directors, causing a petition to be circulated and signed by all employees ordering reconstitution of the Board of Directors, and circulating false and defamatory letters about Fairneny and Zawacki to U.S. Trust and Heidrich and Struggles (a professional search firm the Board of Directors voted to retain in order to find a replacement for Lenk as president).
As a result of carrying out their fiduciary obligation by confronting Lenk with the issue of self-dealing, Fairneny and Zawacki allege that Lenk thereafter fabricated allegations against them causing Savogran’s Board of Directors to remove Zawacki and Fairneny without cause. Plaintiffs argue that the pretext for this action was an effort to cut costs and conserve corporate funds, however, the real purpose was for Lenk to insulate himself from being held accountable for his stewardship of Savogran, his misappropriation of funds, and his breach of fiduciary duties.
DISCUSSION 1. ERISA
Federal preemption “is not lightly presumed.” Planned Consumer Marketing v. Coats & Clarks, Inc., 71 N.Y.2d 442, 448 (1988). State law will not be preempted by Federal law absent persuasive evidence that Congress so intended. “In deciding whether Federal law preempts state law, the court’s task is to ascertain Congress’ intent in enacting the federal statute.” Shaw v. Delta Air Lines, 463 U.S. 85, 95 (1983). “Preemption may be either express or implied, and is ‘compelled whether Congress’ command is explicitly stated in the statute’s language or implicitly contained in its structure and purpose.’ ” Fidelity Federal Savings & Loan Assn. v. De La Cuesta, 458 U.S. 141, 152-53 (1982), quoting Jones v. Rath Packing Co., 430 U.S. 519, 525 (1977). In order to determine the preemption question at issue, a brief discussion of ERISA and its preemption clause is warranted.
Congress enacted ERISA “to promote the interests of employees and their beneficiaries in employment benefit plans.” Shaw v. Delta Air Lines, 463 U.S. at 90. To effectuate this purpose, ERISA imposes detailed substantive requirements relating to participation, funding, and vesting of benefit plans. 29 U.S.C. §§1051-61, 1081-86. The statute also prescribes procedural requirements for the reporting and disclosing of financial information, and establishes the responsibilities and standards of conduct for plan fiduciaries. 29 U.S.C. §§1021-31, 1101-14.
To assure uniformity and avoid conflicting and inconsistent state regulation in the creation and administration of employee benefit plans, Congress included a sweeping preemption clause in the Federal statute, a clause that has been described as “virtually unique.” Franchise Tax Board v. Laborer’s Vacation Trust, 463 U.S. 1, 24 n.26 (1983). The clause provides that ERISA “shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan.” 29 U.S.C. §1144(a). State law, as defined in 29 U.S.C. §1144(c)(1) includes “all laws, decisions, rules, regulations, or other State action having the effect of law.” It is clear that ERISA’s preemption clause applies to state common law causes of action as they may relate to employee benefit plans. Scott v. Gulf Oil Corp., 754 F.2d 1499, 1502 (1985).
At bar, plaintiffs’ complaint alleges that they were terminated and defamed as a result of uncovering Lenk’s alleged wrongdoing. The fact that they did so under some fiduciary obligation as ESOP and Profit Sharing Trustees is too tenuous and peripheral to warrant a finding that the plaintiffs’ cause of action “relates to” an employee benefit plan. Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97-99 (1983); see also Pace v. Signal Technology Corp., (Massachusetts Supreme Judicial Court slip op., February 18, 1994, No. 6297).
2. Defendants’ Motion to Dismiss Under Mass.R.Civ.P. 12(b)(6)
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the allegations of the complaint, as well as any inference which can be. drawn from those allegations in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited therein. The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsvüle at 89 (emphasis supplied). A complaint should not be dismissed simply because it asserts a new or extreme theory of liability or improbable facts. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28 (1988).
“Corporations, like individual stockholders, are distinct entities and neither can be treated as the ‘alter ego’ or agent of the other when openly contracting for itself and in its own corporate name.” March v. Southern New England R.R. Corp., 230 Mass. 483, 498 (1918). See also My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 618 (1968). Plaintiffs’ Complaint alleges (a) breach of the implied covenant of good faith and fair dealing, (b) breach of implied contract of employment (Fairneny only), (c) promissory estoppel (Fairneny only), (d) wrongful discharge, and (e) defamation; demanding judgment against Lenk, Gale, Tillett, Little, and McLean, jointly and severally. Therefore, plaintiffs have not set forth a cause of action upon which relief can be sought against defendants *572 Gale, Tillett, Little, and McLean, as directors of Savogran. Id. Plaintiffs’ complaint has, however, alleged a cause of action against defendant Savogran. Id. Whitinsville at 89.
ORDER
As plaintiffs have agreed to dismiss their derivative and class action claims in Plaintiffs’ Opposition to Defendants’ Motion to Dismiss, dated November 8, 1993, it is ORDERED that defendants’ motion to dismiss Counts I and II (derivative actions on behalf of Savogran) and Count III (class action on behalf of beneficiaries of Savogran Company Employees Stock Ownership Plan) is accordingly ALLOWED.
Furthermore, it is hereby ORDERED that defendants’ motion to dismiss Counts IV through VIII of plaintiffs’ complaint is hereby ALLOWED as to defendants Gale, Tillett, Little and McLean.
Defendant Savogran’s motion to dismiss Counts IV through VIII is DENIED.