INGEBAG G. KIDD, administratrix, *vs.* MASSACHUSETTS HOMŒOPATHIC HOSPITAL.

Suffolk. January 3, 1921. — March 2, 1921.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Charity. Corporation,* Charitable. *Negligence,* Of charitable corporation. *Actionable Tort. Massachusetts Homœopathic Hospital.*

An action of tort cannot be maintained against a public charitable corporation to recover for personal injuries caused by negligence of the defendant's servants or agents.

Sts. 1855, c. 411; 1890, c. 358; 1898, c. 137, constitute the Massachusetts Homœo-
pathic Hospital a public charitable corporation.

TORT for personal injuries to a child alleged to have been caused
by negligence of employees of the defendant. Writ dated Sep-
tember 10, 1917.

In the Superior Court, the action was tried before *Irwin,* J.
At the opening of the trial and after the pleadings had been read,
the plaintiff's attorney made an offer of what he expected to prove,
and the judge thereupon ruled that "such proof would not war-
rant a verdict for the plaintiff," and, a verdict for the defendant
having been entered by his order, he reported the case to this
court for determination.

The case was submitted on briefs.

*S. Sigilman,* for the plaintiff.

*P. F. Drew & C. S. Walkup, Jr.,* for the defendant.

CARROLL, J.  This is an action of tort by the administratrix of
the estate of Donald M. Kidd, Jr., for injuries suffered by him,
through the negligence of the defendant's servants or agents,
while a patient in its hospital. In answer the defendant alleged
it was a charitable corporation, under St. 1855, c. 411, and not
liable for the negligent acts of its agents. In the Superior Court
a verdict was directed for the defendant and the case reported to
the Supreme Judicial Court.

It was decided in the recent case of *Roosen* v. *Peter Bent Brigham
Hospital,* 235 Mass. 66, with a full citation of authorities, that an
action of tort could not be maintained to recover damages for
injuries caused by the negligence of the servants or agents of a
public charity, because it has no funds which can be chargeable
with any judgment the plaintiff might recover, except those held
subject to the trust of maintaining the charity. See also *McDonald*
v. *Massachusetts General Hospital,* 120 Mass. 432; *Farrigan* v.
*Pevear,* 193 Mass. 147; *Thornton* v. *Franklin Square House,* 200
Mass. 465; *Conklin* v. *John Howard Industrial Home,* 224 Mass.
222; *Zoulalian* v. *New England Sanatorium & Benevolent Associa-
tion,* 230 Mass. 102.

The defendant is a charitable corporation. By the special act
of the Legislature creating it (St. 1855, c. 411) it was authorized
to hold real and personal property to aid the benevolent purposes
of the institution, which property was to be held for the support

and maintenance of a hospital for sick persons. By St. 1890, c. 358, the sum of $120,000 was ordered to be paid to the defendant, which was declared to be a charitable corporation; and as a consideration of the grant it was to maintain forever not less than twenty free beds. By St. 1898, c. 137, the defendant was authorized to accept the property and funds of the Homœopathic Medical Dispensary held for charitable purposes, and to hold and manage the same for charitable uses.

As the defendant is a public charity, under the settled law of this Commonwealth, the plaintiff cannot recover for the negligent acts of its servants or agents; and according to the report, judgment is to be entered on the verdict.

*So ordered.*