AGNES FOLEY *vs.* WESSON MEMORIAL HOSPITAL.
MARGARET MORGAN *vs.* SAME.

Hampden.    September 20, 1923. — October 9, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & CARROLL, JJ.

*Charity. Corporation,* Public charitable corporation. *Actionable Tort. Hospital. Negligence,* In use of highway, Public charitable corporation. *Wilful, Wanton and Reckless Misconduct.*

An action of tort cannot be maintained against a public charitable hospital corporation for personal injuries received by a traveller upon a public highway by reason of negligence of an employee of the defendant who was driving an ambulance for it.

*Whether* a public charitable hospital would be liable in an action of tort against it for injuries resulting to a traveller upon the highway by reason of " wil-

ful, wanton and reckless misconduct " of its employee in the driving of its ambulance, it was not necessary for the court to consider where the evidence at the trial of such an action was not sufficient to warrant a finding of such misconduct.

TWO ACTIONS OF TORT for personal injuries alleged in the first counts of the declarations as amended to have been received by the plaintiff when, as she was walking on a sidewalk, a part of a public highway, " the defendant by its agents, servants and employees " so negligently and carelessly managed and controlled an ambulance, the brakes of which it knew or ought to have known were defective, driving at an unusual rate of speed, that it ran on to the sidewalk and struck the plaintiff. In the second counts, the cause of the accidents was alleged to have been that the ambulance was " so wilfully, recklessly and wantonly managed and controlled " and driven " at an unusual rate of speed and without any regard for the safety of the public." Writs dated respectively November 12 and December 29, 1920.

The actions were tried together before *King*, J. Material evidence is described in the opinion. At the close of the evidence, on motion by the defendant, the judge ordered verdicts for the defendant.

The plaintiff alleged exceptions.

*G. J. Callahan*, for the plaintiff Morgan.

*P. L. Cohn*, for the plaintiff Foley.

*W. G. Brownson*, for the defendant.

DeCOURCY, J. The plaintiffs were struck and injured by an ambulance belonging to the defendant and operated by its employee. The parties agree that the defendant is a public charitable organization, and that the ambulance was owned by it and was being used at the time of the accident in connection with its work as a hospital. Admittedly there was evidence for the jury of the due care of the plaintiffs and of negligence on the part of said employee. Verdicts for the defendant were directed by the court. The only question raised by the exceptions is whether the defendant is exempt from liability.

The doctrine of the nonliability of a charitable corpora-

tion for the negligence of its servants was fully considered, and the authorities in this and other jurisdictions reviewed, in the recent case of *Roosen* v. *Peter Bent Brigham Hospital*, 235 Mass. 66. It was there said (page 69): " The specific ground on which the immunity of hospitals for negligence of servants rests has been discussed only in *McDonald* v. *Massachusetts General Hospital*, 120 Mass. 432, among our adjudications. That decision was put squarely on· the foundation that the funds of a public hospital are devoted to a charitable trust and that to subject them to the payment of a judgment for negligence of its servants would be an unlawful diversion of the trust. That is the ground upon which that decision rests." And it was held that such exoneration existed " from liability for negligence of the managers in selecting incompetent subordinate agents, as well as for the negligence of such subordinate agents selected with care." The same basis for nonliability was recognized in the later case of *Kidd* v. *Massachusetts Homœopathic Hospital*, 237 Mass. 500. In each of these cases the plaintiff was a recipient of the charity. But the same principle has been applied in case of injuries to a servant. *Farrigan* v. *Pevear*, 193 Mass. 147.

It is forcibly urged by counsel for the plaintiffs that this exemption of a charitable institution from liability for the negligence of its servants should not be extended to cases where the injury is inflicted on a stranger, as in the present cases. See 5 R. C. L. 378, and cases cited. But under the Massachusetts doctrine, that these trust funds cannot be used to compensate wrongs committed by agents of those administering the funds, there is no ground for distinction between liability to a patient and liability to a stranger. If, as matter of public policy, there now should be a modification of the law in this Commonwealth exempting charitable organizations from liability for the negligence of its servants, such change must be made by the Legislature.

It is unnecessary to consider whether the defendant could be held liable for " wilful, wanton and reckless misconduct " of its employee, as alleged in the second count, because the evidence would not support a finding of such misconduct.

It does not appear that the operator of the machine saw the plaintiffs; and apparently his failure to stop the ambulance before it left the road, and struck the plaintiffs who were on the sidewalk, was due mainly to the failure of the brakes to hold, because of " grease . . . inside the brake band." *Cotter* v. *Boston, Revere Beach & Lynn Railroad,* 237 Mass. 68, 72. *Prondecka* v. *Turners Falls Power & Electric Co.* 238 Mass. 239, 242.

It may be added that in *Holder* v. *Massachusetts Horticultural Society,* 211 Mass. 370, cited by the plaintiffs, the part of the building where the accident occurred had been let by the defendant to a tenant, and the work in progress was in no way connected with the charitable purposes for which the defendant was chartered.

The exceptions must be overruled.

*So ordered.*