MARGARET McKAY *vs.* THE MORGAN MEMORIAL CO-OPERATIVE INDUSTRIES AND STORES, INCORPORATED.

Middlesex.    October 9, 1929. — July 1, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* Of charitable corporation, Of one owning or controlling real estate. *Charity. Practice, Civil,* Notice to admit facts. *Insurance,* Liability. *Evidence,* Competency.

A corporation is not free from liability for negligence merely because it is a charitable corporation if the negligence occurred in the conduct of business for profit, although such business, because incidental to the corporate powers, was not *ultra vires* the corporation and the proceeds thereof were applied wholly to its charitable purposes.

At the trial of an action of tort against a charitable corporation for personal injuries suffered when the plaintiff fell through a trap door in the floor of a store maintained by the defendant, there was evidence that the activities of the defendant at the store in which the accident occurred were commercial in character, being carried on primarily to obtain money to be used for the general charitable purposes of the defendant and not to accomplish directly any specific charitable purpose to which the receipt of money was merely incidental; and it was *held,* that an ordering of a verdict for the defendant on the ground that the defendant was a charitable corporation was error.

It was not error to exclude, at the trial above described, a liability insurance policy covering the defendant corporation, offered by the plaintiff, accompanied by a waiver of all rights against the defendant except as it was protected under such policy: the defendant by taking out liability insurance would not enlarge its liability for negligence, even though by reason of such insurance damages might be paid to the plaintiff without diverting funds held for charitable purposes.

No error was shown in the denial of a motion by the plaintiff in an action that certain matter, contained in answers by the defendant to a notice in writing, filed by the plaintiff under St. 1926, c. 381, § 1, be struck out as "irrelevant, immaterial and improperly included therein," and "that the facts contained in the plaintiff's notice be ruled to have been admitted" by the defendant, although some of the matter in the answer was responsive to the notice only in a somewhat remote degree, it not being wholly irrelevant or immaterial.

TORT for personal injuries.    Writ dated July 6, 1927.

Among the facts which the plaintiff, by a notice in writing

under St. 1926, c. 381, § 1, sought to have the defendant admit, as stated in the opinion, together with the defendant's answers to the notice respecting them, were the following:

"1. That the business and trade of the public was solicited by the defendant at said premises occupied by the defendant." The answer: "1. If keeping open a store and maintaining therein a stock of merchandise for sale and employing help to sell the same constitutes soliciting the business and trade of the public then the defendant solicited the business and trade of the public; otherwise not."

"2. That the merchandise sold by the defendant was sold at a profit to the defendant." The answer: "2. The merchandise sold by the defendant was sold by it in accordance with the terms of its charter as a charitable corporation, to wit, 'for the purpose of educating, extending relief to poor and destitute persons, of improving the dwelling places and living conditions of the poor and of giving religious instruction.'"

"3. That the business conducted, maintained or operated by the defendant at the aforesaid premises was operated for a profit." The answer: "3. The business conducted and maintained or operated by the defendant was maintained by it for the purposes set forth in its charter as a charitable corporation, to wit, 'for the purpose of educating, extending relief to poor and destitute persons, of improving the dwelling places and living conditions of the poor and giving religious instruction.'"

"4. That the merchandise sold by the defendant on said premises was sold at a profit." The answer: "4. The merchandise sold by the defendant was sold by it for the purposes contained in its charter as a charitable corporation, to wit, 'for the purpose of educating, extending relief to poor and destitute persons, of improving the dwelling places and living conditions of the poor and of giving religious instruction.'"

The action was tried in the Superior Court before *Sisk*, J. Material evidence and rulings by the judge are stated in the opinion. A verdict was ordered for the defendant and the action was reported for determination by this court.

*P. Sherman*, for the plaintiff.

*J. H. Gilbride*, for the defendant.

FIELD, J. This is an action of tort to recover damages for personal injuries to the plaintiff alleged to have been caused by the negligence of the defendant, a corporation, its agents, servants and employees, by reason of which the plaintiff fell through a trap door on the defendant's premises. The defendant answered by a general denial and by alleging that the plaintiff was not in the exercise of due care, that the defendant was a charitable corporation and "that the business conducted by it was solely for the purpose of carrying out the charitable objects set forth in its charter of incorporation and not for any private profit." The trial judge on motion of the defendant "directed a verdict for the defendant on the ground that the defendant was a charitable corporation, and, therefore, not liable to the plaintiff in damages," and the plaintiff excepted. The judge reported the case on the terms that if this ruling was erroneous there is to be a new trial, otherwise, "judgment is to be entered on the verdict." The report brings before us also rulings, to which the plaintiff excepted, excluding evidence offered by her and denying her motion to strike out certain matter in the defendant's answer to a notice to admit facts.

The evidence tended to show that the plaintiff, being, by the invitation of the defendant and for the purpose of purchasing an article of clothing, on premises in Somerville, occupied by the defendant for the sale of articles of clothing and other merchandise, fell through a trap door in the floor, of which no warning was given her, and was injured. No contention is made now that there was not "evidence warranting a verdict for the plaintiff if the defendant was subject to the ordinary rules of liability." See *Donnelly* v. *Boston Catholic Cemetery Association*, 146 Mass. 163, 166. See also *Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189, 193; *Kennedy* v. *Cherry & Webb Co. Lowell*, 267 Mass. 217.

1. It was error to direct a verdict for the defendant on the ground that it was a charitable corporation since the evidence did not warrant a ruling as matter of law that on

this ground the defendant was not "subject to the ordinary rules of liability."

Even if the assumption is made that the defendant was a charitable corporation, it was not on that account free from liability for negligence if the negligence occurred in the conduct of business for profit, though such business, because incidental to the corporate powers, was not *ultra vires* the corporation, and the proceeds thereof were applied wholly to its charitable purposes. *Holder* v. *Massachusetts Horticultural Society*, 211 Mass. 370. See *Nims* v. *Mount Hermon Boys' School*, 160 Mass. 177, 180; *Foley* v. *Wesson Memorial Hospital*, 246 Mass. 363, 366; *Enman* v. *Trustees of Boston University*, 270 Mass. 299, 301. The distinction is between activities primarily commercial in character carried on to obtain revenue to be used for charitable purposes, as in *Holder* v. *Massachusetts Horticultural Society, supra*, where there is liability for negligence, and activities carried on to accomplish directly the charitable purposes of the corporation, incidentally yielding revenue, as in *Conklin* v. *John Howard Industrial Home*, 224 Mass. 222, where there is no liability for negligence. Compare *Mount Hermon Boys' School* v. *Gill*, 145 Mass. 139, 147–149.

The evidence tended to show that the premises in question were occupied by the defendant as one of eight or nine stores operated by it in· the vicinity of Boston. The defendant's treasurer testified that the activities of the defendant, described "in a general way," consisted of "a children's settlement, a home for homeless men and for middle-aged working women, a farm for fresh air children, and industries which gave employment to persons who are handicapped and temporarily out of employment." Two classes of people were employed — "those who . . . carry on the work and oversee it, and others selected from the welfare or employment bureau who are simply given temporary relief. The latter class if they are able . . . are put to work in the . . . workshops as are other persons who are sent to them by other social agencies; . . . after investigation if a man needs to be lifted over a hard place, he is given something to do in

the industries, and paid for his work with receipts taken in from the stores, said receipts being part of a general fund used for carrying on these enterprises; . . . all the money received from the sale of goods in the store conducted by the corporation goes into the treasury and is expended by helping people, either by giving them things when it is necessary or supplying them with temporary work, and in carrying on the children's settlement or fresh air work, or some other phase of the corporation's work." The defendant's treasurer further testified that "all the money that comes into the treasury of the corporation, including donations from the general public, is used for charitable purposes . . .; that it also receives clothing which is either sold or given away in payment of work"; that it "deals largely with families, and that all applicants are referred to the welfare bureau which supplies employment to the applicant . . . as to those applicants who are handicapped they attempt to restore them in an industrial sense"; that the defendant "conducts a day nursery which takes care of the children of mothers who have to work and that the mother is put to work in one of the workshops conducted by the defendant." On cross-examination he testified that "even if the defendant received merchandise for nothing and sold it in the stores for a certain sum, still there was no profit to the corporation on such sale; that in some instances it cost more to repair the article which was donated than the same was sold for, in which case the corporation lost money on that particular sale"; that the "industries are maintained and operated as a means of securing money for carrying out the charitable purposes of the corporation"; that the work of these industries "in and of itself does not consist of extending relief to poor and destitute persons or giving religious instructions, but that usually combined with the . . . [other activities of the corporation] it does constitute such; that the sale of merchandise in stores occupied by . . . [the defendant] did not constitute the giving of religious instruction, but it was for the general uplift of those with whom the defendant dealt; that he didn't know just what terms he

would use to describe the situation, but it was for the 'general uplift.'" There was other testimony as to the beneficent work of the defendant. On the evidence, however, the jury would have been warranted in finding that the activities of the defendant at the store in which the accident occurred were commercial in character, being carried on primarily to obtain money to be used for the general charitable purposes of the defendant and not to accomplish directly any specific charitable purpose to which the receipt of money was merely incidental, and, consequently, that the defendant was "subject to the ordinary rules of liability." See *Hall* v. *College of Physicians & Surgeons*, 254 Mass. 95, 100.

2. There was no error in excluding a liability insurance policy covering the defendant corporation, offered by the plaintiff, accompanied by a waiver of all rights against the defendant except as it was protected under such policy. The defendant by taking out liability insurance would not enlarge its liability for negligence, even though by reason of such insurance damages might be paid to the plaintiff without diverting funds held for charitable purposes. *Enman* v. *Trustees of Boston University*, 270 Mass. 299, 301. *Williams* v. *Church Home for Females & Infirmary for Sick*, 223 Ky. 355, 358. And no error appears in the exclusion of questions asked in behalf of the plaintiff since they contemplated answers embodying conclusions of law.

3. The plaintiff, by written notice, called upon the defendant to admit certain material facts, under G. L. c. 231, § 69, as amended by St. 1926, c. 381, § 1. Thereafter she made a motion that certain matter contained in the defendant's answer be struck out as "irrelevant, immaterial and improperly included therein," and "that the facts contained in the plaintiff's notice be ruled to have been admitted" by the defendant. This motion was denied and the plaintiff excepted. Though some of this matter in the defendant's answer was responsive to the notice only in a somewhat remote degree, it was not wholly irrelevant or immaterial. We cannot say that the trial judge was in error in denying the motion to strike out. The effect of

the allowance of such a motion, therefore, need not be considered.

In accordance with the terms of the report there is to be a new trial of the action.

*So ordered.*