BEVERLY HOSPITAL *vs.* WILLOUGHBY P. EARLY.

Essex. May 22, 1935. — September 25, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Contract,* Implied. *Corporation,* Charitable. *Practice, Civil,* Recoupment.

In an action by a charitable hospital on an account annexed for room, board and attendance, the defendant could show that the plaintiff's services were worthless because of its negligence.

CONTRACT. Writ in the First District Court of Essex dated July 28, 1934.

On removal to the Superior Court, the action was tried before *Brogna,* J.

*J. A. Murphy,* for the defendant.

*C. S. Sears,* for the plaintiff.

LUMMUS, J. This is an action of contract on an account annexed to recover for board, room and attendance furnished the defendant's late wife, for which he undertook in writing to pay. The plaintiff is a charitable corporation, and is none the less such because it charges those who are able to pay. *McDonald* v. *Massachusetts General Hospital,* 120 Mass. 432, 435. *Thornton* v. *Franklin Square House,* 200 Mass. 465, 467. *New England Sanitarium* v. *Stoneham,* 205 Mass. 335, 342. *Little* v. *Newburyport,* 210 Mass. 414, 418. *Newton Centre Woman's Club, Inc.* v. *Newton,* 258 Mass. 326. *Springfield Young Men's Christian Association* v. *Board of Assessors of Springfield,* 284 Mass. 1. *Powers* v. *Massachusetts Homœopathic Hospital,* 109 Fed. Rep. 294. The answer, so far as material, was a general denial and an allegation that the negligence of servants of the plaintiff caused the patient's leg to be burned, so that it had to be amputated, wherefore "the character and quality of the services rendered by the plaintiff were not such as to justify the charge . . . but . . . were worthless." The defendant conceded that the amount charged would have been

reasonable had there been no negligence. The judge, upon the opening for the defendant, ruled "that as a matter of law this defence was not open on the pleadings and on the law," and ordered a verdict for the plaintiff in the full amount of the declaration. The defendant excepted.

The plaintiff contends that the defence outlined was by way of recoupment; that recoupment is available only where a cross action would lie (*Graham* v. *Middleby*, 213 Mass. 437, 443; *McCarthy* v. *Henderson*, 138 Mass. 310, 313; *Bucholz* v. *Green Bros. Co.* 290 Mass. 350, 356); and that no cross action could have been brought in this case by the defendant or his wife against a charitable corporation like the plaintiff, either in tort (*Kidd* v. *Massachusetts Homœopathic Hospital*, 237 Mass. 500, and cases cited), or in contract upon an undertaking to use reasonable skill and care. *Roosen* v. *Peter Bent Brigham Hospital*, 235 Mass. 66, 75. The main ground of the immunity of such a charity is that the charitable funds ought not to be diverted to the payment of damages. *Foley* v. *Wesson Memorial Hospital*, 246 Mass. 363. *Glaser* v. *Congregation Kehillath Israel*, 263 Mass. 435. *Reavey* v. *Guild of St. Agnes*, 284 Mass. 300. Compare *McKay* v. *Morgan Memorial Co-operative Industries & Stores, Inc.* 272 Mass. 121, 124. We need not consider in this case whether this immunity extends to furnishing inferior and negligent service in violation of a contract, when set up merely in recoupment (see *Moses* v. *Stevens*, 2 Pick. 332, 336, 337; *Moulton* v. *Trask*, 9 Met. 577, 579; *Austin* v. *Foster*, 9 Pick. 341; 59 C. J. 319, § 476), for we are of opinion that what the defendant sought in this case was not recoupment at all.

The declaration is upon an account annexed in which the only debit item, apart from interest, is for "Room, board and attendance etc. from April 7, 1933, to September 1, 1933, $410.70." The bill of exceptions discloses no contract for a fixed price. "A plaintiff who declares on a count on an account annexed has by legal intendment made with respect to the item stated in the account annexed all the allegations contained in all the common counts." *Massachusetts Mutual Life Ins. Co.* v. *Green*, 185 Mass. 306, 310.

*Noble* v. *Segal*, 214 Mass. 159. Of these "common counts" in *indebitatus assumpsit* under the common law system of pleading (*Stearns* v. *Washburn*, 7 Gray, 187; *Morse* v. *Sherman*, 106 Mass. 430), those applicable to the present case are the counts for board and lodging (*Krupp* v. *Craig*, 247 Mass. 273) and for *quantum meruit* for work and labor. *Lowe* v. *Pimental*, 115 Mass. 44. *Lovell* v. *Earle*, 127 Mass. 546. Under either, the issue is, What is the service worth? The quality as well as the quantity of the service is open as a part of the plaintiff's case. No claim for recoupment is necessary to enable the defendant to contend that, because of the plaintiff's lack of skill or care, the service was worth little or nothing.

In *Basten* v. *Butter*, 7 East, 479, 483, an action of assumpsit on the common counts for labor and materials in constructing a building, the defendant was permitted to show that because of the negligent and unskilful work of the plaintiff the building collapsed. Lord Ellenborough said, "where a plaintiff comes into Court upon a quantum meruit, he must come prepared to shew that the work done was worth so much, and therefore there can be no injustice to him in suffering this defence to be entered into, even without notice." See also *Sagar* v. *H. Ridehalgh & Son, Ltd.* [1931] 1 Ch. 310, 323, *et seq.* In *Caverly* v. *McOwen*, 123 Mass. 574, an action on an account annexed by an attorney at law for services and disbursements, evidence that the work was unskilfully or negligently done was held admissible under a general denial, for the plaintiff was entitled only to what his services were worth and had the burden of proving their value. See also *Dodge* v. *Tileston*, 12 Pick. 328; *Bridges* v. *Paige*, 13 Cal. 640; *Gaw* v. *Wolcott*, 10 Barr. 43. Again, a builder who, in an honest attempt to perform a contract, has performed it substantially though not sufficiently to enable him to recover upon it, may recover upon a *quantum meruit* for the benefit conferred. *Allen* v. *Burns*, 201 Mass. 74. *Bowen* v. *Kimbell*, 203 Mass. 364, 369, *et seq.* *Searls* v. *Loring*, 275 Mass. 403, 406, 407. *Zarthar* v. *Saliba*, 282 Mass. 558, 561. *Gagnon* v. *Ainsworth*, 283 Mass. 488, 490. In his action upon

a *quantum meruit*, no answer in recoupment is needed to enable the defendant to reduce the damages by showing the failure of the plaintiff to perform the contract exactly. "As in all cases where a plaintiff sues on a *quantum meruit*, there is no question of recoupment; the only question is, How much does the plaintiff deserve, under all the circumstances, and this arises under the general issue." *Gillis* v. *Cobe*, 177 Mass. 584, 595.

Distinguishable from those cases and from the present case is *Betts* v. *Rendle*, 236 Mass. 441, 443, 445, an action upon an account annexed for work and labor in the raising of a sunken lighter, where there was no contract price. The defendant contended that the work "was done in an improper manner and resulted in some of the planking being torn off the bottom of the lighter causing the damages which the defendant seeks to recoup from the plaintiff's claim." We held that "the instruction that the burden of proof was on the defendant in a case of recoupment was correct," citing *Sayles* v. *Quinn*, 196 Mass. 492. In the latter case, where the defendant, sued on an account annexed for services and disbursements in the care, board and training of two horses, was denied the right under a general denial to prove unskilfulness on the part of the plaintiff in training one of the horses and the damages resulting therefrom, not only were consequential damages claimed but there was a contract for a fixed price. In neither case did the defendant, as in the present case, seek merely an appraisal of the negligent and unskilful service. The true distinction is pointed out in *Skowhegan Water Co.* v. *Skowhegan Village Corp.* 102 Maine, 323, 331, 332, in these words: "It is incumbent upon the plaintiff in such cases to prove the value of the work done or materials furnished by him. The question of recoupment, properly so termed, is not involved. But if the plaintiff's breach of the contract be such as to subject the defendant to consequential damage, that may be the foundation for a legitimate claim in recoupment, with respect to which the burden of proof would be upon the defendant." See also *Low Supply Co.* v. *Pappacostopoulous*, 283 Mass. 633, 635.

It follows from what has been said, that the defendant's exception to the ruling that his defence as to the amount of damages was not open, must be sustained.

*Exceptions sustained.*