Weygandt, C. J.
 

 The sole problem now requiring the attention of this court is the substantive question whether the trial court was in error in arresting the
 
 *196
 
 evidence from the consideration of the jury and rendering judgment in favor of the defendants.
 

 It was the view of the trial court that the record discloses evidence tending
 
 to
 
 show negligence on the part of the defendants in failing to light the church stairway properly and in providing a handrail on one side only. However, it was held further that the defendants are not liable for this negligence inasmuch as the church they maintain is a charitable or eleemosynary institution. Was this correct?
 

 In conformity with the general rule this court has held that a charitable or eleemosynary institution is not liable for tortious injury except (1) when the injured person is not a beneficiary of the institution, and (2) where a beneficiary suffers harm as a result of failure on the part of the authorities of the institution to exercise due care in the selection or retention of an employee.
 
 Taylor
 
 v.
 
 Flower Deaconess Home and Hospital,
 
 104 Ohio St., 61, 135 N. E., 287, 23 A. L. R, 900;
 
 Rudy
 
 v.
 
 Lakeside Hospital,
 
 115 Ohio St., 539, 155 N. E., 126;
 
 Sisters of Charity
 
 v.
 
 Duvelius,
 
 123 Ohio St., 52, 173 N. E., 737;
 
 Lakeside Hospital
 
 v.
 
 Kovar, Admr.,
 
 131 Ohio St., 333, 2 N. E. (2d), 857;
 
 Waddell, a Minor,
 
 v.
 
 Y. W. C. A.,
 
 133 Ohio St., 601, 15 N. E. (2d), 140; 10 American Jurisprudence, 687 and 691, Sections 140 and 144; 14 Corpus Juris Secundum, 548, Section 75.
 

 The defendants allege and maintain that theirs is a charitable institution devoted to church purposes, and the plaintiff does not contend otherwise. Likewise, it is agreed that the plaintiff was a beneficiary of the institution inasmuch as she was an attendant at the religious service conducted by the defendants that evening, but she makes no claim that her injury was caused by lack of due care on the part of the defendants in selecting or retaining any of their employees.
 

 However, the gravamen of the plaintiff’s complaint is that at the moment she fell the defendants were con
 
 *197
 
 ducting a sale for profit in the room to which the stairway led, and that this project removed the defendants from the protection ordinarily afforded them by the law while engaged in the operation of a charitable institution.
 

 The difficulty with this theory of the plaintiff is that a careful study of the record discloses no evidence to support it. The only testimony bearing upon this issue appears in the cross-examination of the defendant, Reverend Joseph J. Schmit, as follows:
 

 ‘ ‘ Q. On this particular evening there was a sale being conducted there by the mission fathers, is that correct. A. Yes.
 

 ‘ ‘ Q. They were selling what articles ? Do you know ? A. They were selling religious articles, devotional articles, prayer books, rosaries, literature, medals, small statues that could be carried in the hand, crucifixes, things of that kind.
 

 “Q. Those articles that were sold there that evening are sold at a profit over and above the price paid for them, are they not? A. They are not sold for profit.
 

 “Q. When I say ‘profit,’ I mean they are sold at a cost more than what was paid for them? A. Well, I would say yes.
 

 “Q. And anything that is received in the way of an increment or profit on the sale of those articles is used for the purpose of defraying the expense? A. The expenses of the mission, if there are any profits; usually not.”
 

 Thus it is undisputed that the sale of religious articles in the basement of the church at this time was not a commercial enterprise but was held following and in connection with the religious service of the church. Any difference between the cost and sale price of an article was used for religious purposes.
 

 Therefore, with no evidence to sustain this contention of the plaintiff the judgments of the Court of
 
 *198
 
 Common Pleas and the Court of Appeals were correct and must be affirmed.
 

 Judgment affirmed.
 

 Matthias, Hart, Zimmerman and Bettman, J J., concur.
 

 Turner and Williams, JJ., concur in the judgment.