JOHN F. O'DONOGHUE vs. THOMAS J. LEE & another. February 6, 1947. Decision affirmed. This is a petition in the Land Court for the foreclosure of all rights of redemption under a tax title. G. L. (Ter. Ed.) c. 60, § 65, as amended by St. 1933, c. 325, § 12, and St. 1938, c. 305. From a decision allowing the respondent Lee to redeem, the petitioner appealed. There was no error. The parcel of land is adjacent to that involved in *Paul* v. *Lee*, *ante*, 10, and the respondent Lee acquired title to both parcels by the same deed from the respondent·Tobey. The substantial issue in each case is the right of the respondent Lee to redeem. Every question sought to be raised by the petitioner which merits discussion was decided in that case adversely to his contentions. For reasons there stated, we do not consider his requests for rulings which were denied.

*A. C. McCarthy*, for the petitioner, submitted a brief.

*A. L. Moore*, (*M. B. Frankel* with him,) for the respondent Lee.

WILLIAM H. BEARSE vs. NEW ENGLAND DEACONESS HOSPITAL. March 5, 1947. Exceptions overruled. ·This is an action of tort brought against the defendant, a public charitable corporation, a hospital for the care of the sick, to recover compensation for personal injuries sustained by the plaintiff while a patient in the hospital. A verdict was directed for the defendant upon the plaintiff's opening, and the plaintiff excepted. None of the facts stated in the opening takes the case out of the general principle stated and applied in *Roosen* v. *Peter Bent Brigham Hospital*, 235 Mass. 66, with respect to the liability of such a hospital for injuries sustained by a patient by reason of negligence. The verdict was rightly directed.

*T. J. Murphy*, for the plaintiff.

*P. S. Ratzkoff*, for the defendant.

ROBERT H. BRUNTON vs. BARBARA O'CONNELL. March 7, 1947. Order denying jury issues affirmed. This is an appeal from an order of the Probate Court in the matter of the alleged will of Nellie S. Brunton, late of Boston, deceased, denying a motion of the contestant for the framing of issues for trial by jury. It is not now contended that there was error in denying the issue of due execution. With respect to the issues of sound mind and fraud or undue influence, upon consideration of the statements of expected evidence — which need not be recited — in the light of the established principles of law governing the framing of such issues and review on appeal. after action of the Probate Court on motions·for the framing of such issues — which have been frequently stated and need not be restated — including recognition of the element of discretion vested in the probate judge, we conclude that there · was no ·error in the denial of this motion. See *Hannon* v. *Gorman*, 296 Mass. 437.

*R. P. Dellinger*, for the contestant.

*G. B. Rowlings*, for the petitioner.