LAWRENCE S. BERGER *vs.* BOSTON, WORCESTER & NEW YORK STREET RAILWAY COMPANY. November 2, 1953. Exceptions overruled. Although the plaintiff had a verdict in an action of tort for personal injuries he excepts to the exclusion of his questions to his medical expert relating to damages and to a substantial portion of the judge's charge. It does not appear that he was harmed by the rulings on evidence as there were no offers of proof and the context does not intimate what answers were expected. *Crowley* v. *Appleton*, 148 Mass. 98, 101. *Commonwealth* v. *Smith*, 163 Mass. 411, 429. *Coolidge* v. *Boston Elevated Railway*, 214 Mass. 568, 571. *Nicholas* v. *Lewis Furniture Co.* 292 Mass. 500, 504. The exception to the charge was general and no alleged errors were specifically brought to the attention of the judge. *Hathaway* v. *Checker Taxi Co.* 321 Mass. 406, 409.

*Harry M. Lack*, for the plaintiff.

*Philander S. Ratzkoff*, for the defendant.

MARY ANN MASTRANGELO, administratrix, *vs.* MAVERICK DISPENSARY. November 9, 1953. Exceptions overruled. This is an action of tort in two counts, one for conscious suffering and one for death of the plaintiff's intestate due to negligence of the defendant, a public charitable corporation, in the maintenance of the premises of a hospital at which the plaintiff's intestate was a patient. The plaintiff excepted to the direction of a verdict for the defendant on her opening. There was no error. *McDonald* v. *Massachusetts General Hospital*, 120 Mass. 432. *Roosen* v. *Peter Bent Brigham Hospital*, 235 Mass. 66. *Kidd* v. *Massachusetts Homoeopathic Hospital*, 237 Mass. 500. *Foley* v. *Wesson Memorial Hospital*, 246 Mass. 363. *Young* v. *Worcester*, 253 Mass. 481. *Glaser* v. *Congregation Kehillath Israel*, 263 Mass. 435. *Bearse* v. *New England Deaconess Hospital*, 321 Mass. 750.

*Nathan S. Paven*, for the plaintiff.

*Robert N. Daley*, for the defendant.