CHARLES H. SIMPSON, administrator, *vs.* THE TRUESDALE HOSPITAL, INC. November 28, 1958. Exceptions overruled. Appeal dismissed. This is an action of tort to recover for the death of the plaintiff's intestate alleged to have been caused by the defendant's negligence. The defendant filed an "answer in abatement" setting up the defence that the defendant was a public charitable corporation and hence was not liable. After hearing evidence on this issue the judge sustained the "answer in abatement," subject to the plaintiff's exception. The plaintiff also appealed, but since the question raised is fully presented by the bill of exceptions there is no need to consider the appeal. Of course, as the plaintiff argues, this was not really a matter in abatement. *White* v. *E. T. Slattery Co.* 236 Mass. 28. It was a matter in bar, but under our practice act the defence could not properly be set up by plea, for pleas in bar in actions at law have long since been abolished. G. L. c. 231, § 22. *McGrath* v. *Sullivan*, 303 Mass. 327, 328. However, since the decisive question in the case is that of charitable immunity and the parties have fully argued this question and want it decided, we lay to one side the procedural question and deal with the action of the judge on the merits in point of substantive law. The evidence heard by the judge was sufficient to warrant a finding that the defendant was a public charitable corporation and functioned as such. The plaintiff does not contend the contrary. Recognizing that under the rule laid down in *McDonald* v. *Massachusetts General Hosp.* 120 Mass. 432, he cannot prevail, the plaintiff asks us to overrule this decision. This rule has been followed in recent decisions. *Bearse* v. *New England Deaconess Hosp.* 321 Mass. 750. *Mastrangelo* v. *Maverick Dispensary*, 330 Mass. 708. Our attention has been directed to many recent decisions in other jurisdictions in which the doctrine of charitable immunity has been criticised and repudiated. See note in 25 A. L. R. 2d 29, 142, et seq. It has also been disapproved by distinguished text writers. See, for example, Prosser on Torts (2d ed.) 784–788; Harper and James, Torts, § 29.16. While as an original proposition the doctrine might not commend itself to us today, it has been firmly imbedded in our law for over three quarters of a century and we think that its "termination should be at legislative, rather than at judicial,

hands." *Comeau* v. *Harrington,* 333 Mass. 768. See *Knecht* v. *Saint Mary's Hosp.* 392 Pa. 75.

*Joseph Lipsitt,* for the plaintiff.

*John W. Cummings, 2d,* for the defendant.