Zimmerman, J.
It might be that this case could be decided on the basis that plaintiff was a stranger to any religious or charitable ministrations of St. Joseph’s Church and hence was not precluded from maintaining and succeeding in her action. Cullen v. Schmit, 139 Ohio St., 194, 39 N. E. (2d), 146; annotation, 25 A. L. R. (2d), 181. However, we prefer to place our decision on a somewhat broader ground.
Immunity from civil liability for negligence accorded to charitable institutions, including religious organizations, depends upon the actual devotion of the institution to charitable purposes, and a charitable institution is liable for negligence in the operation of a business enterprise for profit not directly related to the purpose for which such institution was organized. Rhodes v. Millsaps College, 179 Miss., 596, 176 So., 253; Blatt v. Geo. H. Nettleton Home for Aged Women, 365 Mo., 30, 275 S. W. (2d), 344; Siidekum v. Animal Rescue League of Pittsburgh, 353 Pa., 408, 417, 45 A. (2d), 59, 63; Tri-State Fair v. Rowton, 140 Tenn., 304, 308, 204 S. W., 761, 762, L. R. A. 1918F, 657; 14 Corpus Juris Secundum, 550, Charities, Section 75. Compare Newman, a Minor, v. Cleveland Museum of National History, 143 Ohio St., 369, 55 N. E. (2d), 575.
*67 In carrying on the game of bingo for a substantial profit (there was an average of from about 1,000 to 1,500 players at each game session), St. Joseph’s Church engaged in a business enterprise disassociated from the purpose for which it was organized. By conducting a business enterprise of the kind described, the church removed itself from the protection it might have claimed as a religious and charitable institution. In other words, by conducting the game of bingo as a large scale moneymaking proposition, the church stepped out of its ordinary and accepted .sphere and thereby lost the immunity from tort liability it might have asserted in different circumstances.
It was indicated in the case of McKay v. Morgan Memorial Co-operative Industries & Stores, Inc., 272 Mass., 121, 172 N. E., 68, that a charitable institution may be answerable for negligence arising out of its commercial activities conducted for profit, notwithstanding the proceeds of such activities are devoted wholly to charitable purposes. See, also, Rhodes v. Millsaps College, supra (179 Miss., 596); and annotation, 25 A. L. R. (2d), 130. Compare Cullen v. Schmit, supra (139 Ohio St., 194), wherein recovery was denied plaintiff there for injuries sustained in a fall on the stairs of a church because she was a beneficiary of the church’s religious services and “the sale of religious articles in the basement of the church * * * [where plaintiff was going when she fell] was not a commercial enterprise but was held following and in connection with the religious service of the church. ’ ’
We find no errors in the record prejudicial to the defendant, and the decision rendered by this court in the case of Gibbon, Admr., v. Young Women’s Christian Assn. of Hamilton, 170 Ohio St., 280, 164 N. E. (2d), 563, is not controlling in the instant controversy.
Therefore, the judgment of the Court of Appeals is affirmed.

Judgment affirm,ed.

Weygandt, C. J., Taft, Matthias, Bell, Herbert and Peck, JJ., concur.