MATTHEWS, APPELLANT, *v.* WITTENBERG COLLEGE, APPELLEE.[*]
BRANDON, APPELLANT, *v.* WITTENBERG COLLEGE, APPELLEE.

(Nos. 576 and 577—Decided November 5, 1960.)

*Messrs. Volkema, Wolske & Bopely*, for appellants.

*Mr. William E. Bailey* and *Mr. James A. Doughty*, for appellee.

KERNS, J. These appeals are from judgments of the Court of Common Pleas of Clark County, Ohio. Both cases follow the same general pattern.

---

[*]Motion to certify the record overruled, March 15, 1961.

In each case the plaintiff filed a petition praying for damages for personal injuries incurred while a student at Wittenberg College due to the alleged negligence of that institution. The trial court sustained demurrers to the petitions in both cases for failure to state a cause of action, and, the plaintiffs not desiring to plead further, the actions were dismissed.

The two cases present but one question. Is a nonprofit religious institution of learning liable for tortious conduct resulting in injuries to one of its students?

As the cases submitted by counsel clearly show, both the negative and affirmative sides of similar questions have inspired many erudite and scholarly pens in recent years.

But be that as it may, our course has been charted by the Supreme Court of Ohio. Although that court appeared to have retreated from the so-called "immunity doctrine" in the case of *Avellone* v. *St. John's Hospital* (1956), 165 Ohio St., 467, we are bound by and therefore must accede, in the cases now before us, to the later pronouncement of the Supreme Court in the case of *Gibbon, Admr.,* v. *Young Women's Christian Assn. of Hamilton, Ohio* (1960), 170 Ohio St., 280, where the first paragraph of the syllabus reads as follows:

"1. A charitable or eleemosynary institution, other than one which has as its purpose the maintenance and operation of a hospital, is, as a matter of public policy, not liable for tortious injury except (1) when the injured person is not a beneficiary of the institution, and (2) when a beneficiary suffers harm as a result of failure of the institution to exercise due care in the selection or retention of an employee. (*Cullen* v. *Schmit* [1942], 139 Ohio St., 194, and *Waddell, a Minor,* v. *Young Women's Christian Assn.* [1938], 133 Ohio St., 601, approved and followed.)"

Any change in this rule must come from its source. The judgments will be, and hereby are, affirmed.

*Judgments affirmed.*

WISEMAN, P. J., and CRAWFORD, J., concur.