LATELL, PLAINTIFF-APPELLANT, *v.* WALSH ET,
DEFENDANTS-APPELLEES.

Ohio Appeals, Seventh District, Mahoning County.

No. 4140.   Decided April 25, 1961.

*Messrs. Payer, Bleiweiss & Crow,* for plaintiff-appellant.
*Messrs. Johnson, Weston, Blackmore, Cory & Hurd* and
*Messrs. Shirreffs, Jones & Moore,* for defendants-appellees.

*Per Curiam.* This case is before us as an appeal on questions of law.

The plaintiff below, a member of St. Rose Roman Catholic Church, Girard, Ohio, received serious injuries when he fell from the platform at the top of an external stairway of the church.

The evidence discloses that plaintiff became nauseated while attending church and stepped outside the church for some fresh air. The nausea proceeded to cause faintness, and the plaintiff fell over a guardwall approximately two and one-half feet high, was precipitated to the ground and injured.

Plaintiff filed suit against Emmet M. Walsh, Bishop of the Youngstown Diocese, and Father Norman Kelly, Pastor of the church in question, individually as the persons having control of the church premises.

The negligence claimed to have caused the injury to the plaintiff was (1) the absence of a handrailing, and (2) the inadequate heighth of the guardwall.

Evidence was adduced and proffered of expert opinion that the guardrail was not in compliance with good building practices in that good building practice would require a guardrail three feet high. This evidence was excluded by the trial court.

At the close of the plaintiff's evidence the trial court directed a verdict for the defendants.

The trial court concluded that the two defendants were sued individually, but that the immunity granted to charitable or eleemosynary institutions extended to these defendants rendering them immune under these circumstances. We agree with the trial court.

We are aware of the line of cases which hold that the trustee of a charitable trust is subject to personal liability to

third persons for torts committed in the course of administration of the trust. This principle is enunciated in numerous cases cited in plaintiff's brief, but is particularly well put in Section 402, Page 317 of the Restatement of the Law of Trusts. In the Restatement of the Law of Trusts the foregoing rule is given but it is qualified by the addition of the following words: "if, but only if, the trustee was personally at fault."

This court has concluded that in situations where a trustee of a religious charitable eleemosynary organization is sued individually for negligence and the acts or omissions upon which the claim is based were his duty or obligation only because of his position as such trustee, the immunity given to the church attaches to his individual act or omission unless it can be shown that there was such an act, or such an omission, as to amount to a violation of the trust.

Plaintiff argues that there was a personal duty or obligation on the Priest and the Bishop arising out of their control of the premises, and knowledge of the alleged defect.

We find no evidence of a defect, notice of which imposed upon either of them such a duty to act that their failure so to do amounts to the dereliction of official duty.

Certainly they had no individual personal duty to rebuild every defective church in the Diocese.

The Bishop or the Priest in the negligent operation of a motor vehicle in a public way would be responsible for injury proximately caused by the negligence of either and the fact that said Bishop or Priest was on church business would not absolve either from this responsibility. This, however, is true because of the existence of the personal duty to exercise ordinary care so as to not injure others in the use of the highway.

For the reasons stated we affirm the action of the trial court in directing a verdict against the plaintiff and in favor of the defendants. To impose a personal duty upon the trustee of church property to eliminate from such properties all possible dangerous situations would be unreasonable and would defeat the immunity from suits by beneficiaries normally enjoyed by the religious organization, whatever its form. *Cullen* v. *Schmit*, 139 Ohio St., 194, is approved and followed.

BROWN, P. J., DONAHUE and GRIFFITH, JJ., concur.