Per Curiam.

The sole question in this appeal is whether the amended petition states facts sufficient to constitute a cause of action. In determining this issue we must be cognizant of the fact that the Revised Code requires a liberal construction of the petition favorable to the pleader. Section 2309.40; Humphries v. Wheeling Steel Corp., 132 Ohio St., 263, 7 N. E. (2d), 230; Gugle v. Loeser, 143 Ohio St., 362, 55 N. E. (2d), 580. And in testing the legal sufficiency of a petition upon demurrer a court must indulge in every reasonable inference from the facts alleged. Gugle v. Loeser, supra.
The pertinent allegations of the amended petition here in issue are:
<<* * * defendants * * * operate a hotel * * * for profit and conduct a business * * * for profit and invite the general public as patrons * * *.
“Plaintiff states * * * he was a patron * * * of the hotel * * * that he had paid valuable consideration for the privilege of using and staying at said hotel * * (Emphasis added.)
A court, in ruling upon a demurrer, may take judicial notice of the fact that a widely known organization such as the Salvation Army constitutes a charitable institution. However, under the decisions of this court nonhospital charitable organizations are not immune from tort liability in every instance. (Hospitals have been removed from the doctrine of immunity in this *328 jurisdiction. See Avellone v. St. John’s Hospital, 165 Ohio St., 467, 135 N. E. [2d], 410.) There are at least three exceptions to the doctrine of immunity for nonhospital charitable institutions, to wit; (1) where the injured person is not a beneficiary of the institution (Gibbon, Admr., v. Y. W. C. A., 170 Ohio St., 280, 164 N. E. [2d], 563; Cullen v. Schmit, 139 Ohio St., 194, 39 N. E. [2d], 146); (2) where a beneficiary suffers harm as a result of the’ failure of the institution to exercise due care in the selection or retention of an employee (Waddell, a Minor, v. Y. W. C. A., 133 Ohio St., 601, 15 N. E. [2d], 140; Cullen v. Schmit, supra); and (3) where the institution operates a business enterprise for profit not directly related to the purposes for which such institution was organized (Blankenship v. Alter, Archbishop, Trustee, 171 Ohio St., 65, 167 N. E. [2d], 922). (Of course, one who deals with such business enterprise is a nonbeneficiary of the charitable institution under exception number [1] also.)
A plaintiff, therefore, may state a cause of action against a charitable nonhospital institution by alleging facts which raise a reasonable inference that one of more of the exceptions to the immunity doctrine exist. Is such inference raised from the facts alleged in the amended petition here in issue?
May it reasonably be inferred that plaintiff is a non-beneficiary of the institution under exception number (1), supra?
The plaintiff alleges simply that he paid a “valuable consideration” for his lodging. We hold that such allegation sufficiently raises the issue of whether plaintiff paid or was obligated to pay a fee for his accommodation which was substantially equivalent to the benefit he was to receive from such accommodation. If plaintiff was obligated to or did pay a sum of money to the defendant which sum was substantially commensurate to the benefits he was to receive, he was a nonbeneficiary of the institution so far as the transaction here in question is concerned. Whether such sum paid by plaintiff was in fact substantially equivalent to the benefits conferred may depend upon numerous factors, i. e., the actual amount of the sum paid, the nature and character of the accommodation, the obligation to pay, the cost of accommodations in hotels of similar *329 character, the purpose of the operation of the business enterprise, etc. In other words, the status of the plaintiff will depend upon the evidence adduced at the trial. We have no way of forecasting what that evidence may be. We hold simply that the allegation of payment of a “valuable consideration,” under the facts of this case, sufficiently raises, the issue of the status of the plaintiff in relation to the institution. The allegation is not so general or conclusive, when read in conjunction with other pleaded facts, as to fail to give fair notice to defendant of the issue being raised. See Clark on Code Pleading, 157-158, Section 38, and 190-191, Section 45.
Clearly, the theory of plaintiff’s case is not founded on exception number (2), supra, relating to negligence in the selection of employees. Consequently, we turn now to a consideration of exception number (3), supra, to wit, are facts alleged which raise a reasonable inference that defendant was operating a business enterprise for profit not reasonably related to the purpose for which sueh institution was organized? The amended petition alleges simply that the “defendants * # * operate a hotel * * * for profit and conduct a business * * * for profit.” Again, in ruling upon a demurrer, a court may take judicial notice of the fact that one function of the Salvation Army includes providing temporary sleeping quarters for indigents and other persons of unfortunate circumstances. However, a court may not extend that observation to mean that every hotel operated by such organization is operated for sueh nonprofit reasons. There is nothing to prevent such an organization from operating, for investment purposes or otherwise, a hotel for profit. In short, whether the hotel in question was operated for profit and whether its function was directly related to the purpose for which the Salvation Army was organized are matters of proof from evidence to be submitted at the trial of this cause.
It would appear that defendant is in a better position to know whether its hotel was organized to make a profit than is the plaintiff. (It should be noted that whether the hotel actually was operating at a profit is immaterial, the question being whether it was operated for the purpose of making a profit.)
We hold that the allegation that the “defendants * * * *330 operate a hotel * * * for profit and conduct a business * * * for profit,” when read in conjunction with the petition as a whole, is sufficient to apprise the defendant that the purpose and character of its hotel enterprise have been placed in issue.
In summary, although the amended petition may technically be more general and conclusive in nature than that employed by the best form of fact pleading, we are aware that the distinction between conclusions of law and conclusions of fact is a distinction of degree only, and that the question of the sufficiency of the notice to the defendant provided by such conclusions depends upon the facts and circumstances of each particular case. Construing this amended petition, as we are bound to do, most favorably to the pleader, we hold that it advises the defendant of the nature of the case being urged against it.
That the exact theory of the plaintiff’s case may be somewhat vague on the basis of the facts alleged does not render the petition defective since the facts are alleged in such a manner that a court can determine that theories or rules of law supporting liability do exist which may be properly applied to the facts alleged. Sicard v. Kremer, 133 Ohio St., 291, 296.
As we conclude that the amended petition herein satisfies the standards of modern code pleading and states facts sufficient to constitute a cause of action, the judgment of the Court of Appeals is reversed, and it is ordered that the demurrer to the amended petition be overruled.

Judgment reversed.

■ Zimmerman, Taet, Matthias and Bell, JJ., concur.
Wetgandt, C. J., Radoliee and O’Neill, JJ., dissent.
Radcliee, .J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.