*Western District*

No. 66 T 348

## APHRODITE KYRIACOPOULOS[1]

v.

## ROMAN CATHOLIC BISHOP
## OF SPRINGFIELD

Argued: Jan. 16, 1967    Decided: July 17, 1967

---

[1] After arguments, Theodora Kyriacopoulos, as executrix of the estate of the plaintiff was substituted as party plaintiff.

*Present*: Garvey, P.J., Levine, J., and Allen, J.

Tried to: *Donohue, J.* in the District Court of Springfield. No. 66 T 348.

*Levine, J.* This is a remand action of tort based upon both negligence and nuisance for personal injuries sustained by the plaintiff when she fell on a patch of ice on a public sidewalk adjoining the defendant's property. The answer is a general denial, contributory negligence, assumption of the risk, an allegation that the defendant is a religious and charitable organization, and that the accident happened on a public way and failure to receive proper notice. There was a finding for the defendant.

*The reported evidence tends to show that* on February 28, 1963, the plaintiff was walking on a public sidewalk on Linden Street in Springfield adjoining the property owned by the defendant. As she walked carefully along the sidewalk, she slipped and fell on a patch of ice about two and one-half feet in length and was injured. The defendant had plowed the snow from the sidewalk piling it along the edge of the sidewalk next to the road. The sidewalk in question and the defendant's premises slope towards the street and the snow, piled along the edge of the sidewalk, prevented the melting snow and ice from reaching the road and caused puddles of water to form on the public side-

walk which water froze into the patch of ice on which the plaintiff fell. A notice of the accident dated March 2, 1963 was sent by the plaintiff which reads as follows:

> "Sacred Heart Roman Catholic Church
> 395 Chestnut Street
> Springfield, Massachusetts

Gentlemen:

> You are herewith notified that on February 28, 1963, at approximately 5:30 P.M., I suffered personal injuries as a result of a fall caused by an accumulation of ice on your church premises. The location of said ice accumulation and fall was on the sidewalk on the Linden Street side of your church premises, about on a line with the Linden Street side entrance to your church. Please be further advised that I hereby assert a claim for all damages resulting from said fall.
>
> Springfield, Massachusetts
> Very truly yours,
> Aphrodite Kyriacopoulos
> By Andrew Gotsis
> Her Attorney"

The parties agreed that the Roman Catholic Bishop of Springfield is a religious and charitable corporation duly organized under the provisions of Chapter 368 of the Acts of 1898. The plaintiff seasonably filed requests for rulings of law. The trial judge made the following findings and rulings:

> "Under the provisions of General Laws,

Chapter 231, Section 102 (c) as amended, the Court heard the parties present and considered the evidence.

This is an action of tort for personal injuries arising out of a fall on Linden Street, Springfield, Massachusetts, in front of Sacred Heart Church on February 28, 1963, about 5:30 o'clock in the afternoon. The plaintiff fell on ice on Linden Street. I find that:

1. There was no defect on the sidewalk, and there was no artificial channeling of water, snow or ice.

2. The notice required by law was not valid.

The plaintiff filed requests for rulings and I am treating them as follows: 1 through 12 and 14 denied; 13 and 15 allowed.

I find for the defendant."

The plaintiff claiming to be aggrieved by the denial of her requests for rulings 1 through 12 and 14 and by the court's findings and rulings, claimed this report.

The questions before this court are:

1. Was the notice sufficient.

2. Was a nuisance created by the defendant.

3. Is a charitable corporation liable for negligence.

The notice given on behalf of the plaintiff did not constitute a valid notice as requir-

ed by G.L. c. 84, § 21. The notice was correct as to the time, place and cause of the injury and signed by a duly authorized person, but it failed to name the person legally responsible for the condition of the premises. The defendant was neither identified nor served, and, since service of such notice is a condition precedent, it follows that the plaintiff has no cause of action against the defendant. The case at bar is governed in principle by *Sweet* v. *Pecker,* 223 Mass. 286, and *Bychower* v. *United Cigar Co.,* 253 Mass. 542.

The case comes within the decision in *Mahoney* v. *Perreault,* 275 Mass. 251, where at page 253 it was said: "A land owner cannot be held liable if he shovels snow from the sidewalk in front of his premises upon the space between the outer edge of the walk and the curb and it melts and runs over the walk and thereafter ice is formed." In that case, defendant removed the snow, which fell several days before plaintiff was injured, from his sidewalk by throwing it upon the grass plot between the sidewalk and the street curb. The inner edge of the sidewalk was slightly lower than the curb. Snow on the grass plot would melt during the day and run over the sidewalk where it would freeze during the night. The plaintiff slipped and fell on ice so formed. The court said that it could not reasonably be found that the defendant created a nuisance or artificially brought about a condition which in-

creased or changed the flow of water at the place where the plaintiff fell. The defendant violated no duty he owed the plaintiff by clearing the snow from the sidewalk in front of his premises. The court also said there was "no evidence to warrant a finding that the defendant was negligent because the snow" which he had shovelled upon the grass plot "melted and ran over the walk" where ice formed. The facts in that case and the case at bar are practically the same. *Rosenblum* v. *Economy Grocery Stores Corp.,* 300 Mass. 264; *Cooper* v. *Braver, Healey & Co. Inc.,* 320 Mass. 138 and *Mahoney* v. *Perreault,* 275 Mass. 251.

Even if we assume that the defendant was negligent (which we do not so find), still the defendant would not be liable under the doctrine of charitable immunity first enunciated in 1876 in the case of *McDonald* v. *Mass. General Hospital,* 120 Mass. 432 which rule has been followed in recent decisions of *Bearse* v. *New England Deaconess Hospital,* 321 Mass. 750, *Mastroangelo* v. *Maverick Dispensary,* 330 Mass. 708, *Boxer* v. *Boston Symphony Orchestra, Inc.,* 342 Mass. 537 and *Harrigan* v. *Cape Cod Hospital,* 349 Mass. 765. The doctrine of charitable immunity has been firmly imbedded in our law for over three-forths of a century and its "termination should be at legislative rather than judicial, hands". See: *Simpson* v. *Truesdale Hospital,* 338 Mass. 787.

There was no prejudicial error in the finding

for the defendant nor in the denial of the rulings requested by the plaintiff and therefore, **the report is to be dismissed.**

LOUIS KERLINSKY of Springfield,
    for the Plaintiff
JOHN E. FLANAGAN of Springfield,
    for the Defendant.